ELI W. BLAKE, Respondent, *v.* CHESTER GRISWOLD, Appellant.

As the rights and liabilities under the penal provisions of the General
Manufacturing Act (Chap. 40, Laws of 1848), are not only "regulated
by special provision of law," but have no existence outside of the
statute, the right of transfer given by the Code of Civil Procedure
(§ 1910), does not under said Code give a right of enforcement to the
transferee (§ 1909), but leaves the question of that right to the existing
law.

The rule of the common law governs the question as to the survivability
of a cause of action, to recover the penalty imposed by said act upon a
trustee of a corporation organized under it, who has joined in making a
false annual report; it is not affected by any provision of the Code, and
the action abates upon the death of either party.

Where, however, the plaintiff in such an action dies, after the rendition of
judgment, the action does not abate; the cause of action is merged in
the judgment, which passes as assets to the representatives of the
deceased, and they are entitled to be substituted in his place. (Code of
Civ. Pro., §§ 1912, 1297, 1298).

*It seems* that until such substitution an appeal from the judgment may
not be heard.

Where, however, an appeal to this court in such case was heard without
knowledge of the death and the judgment was affirmed. *Held,* that on
granting a motion for substitution the court could affirm the judgment
in favor of the substituted representative.

(Submitted July 1, 1887; decided March 1, 1887.)

THIS was a motion to substitute Edgar O. Brackett, adminis-
trator of the plaintiff, who died pending the appeal to this

court, as plaintiff in his stead, and for affirmance of the judgment appealed from in favor of the substituted plaintiff.

The case upon decision of the appeal is reported in 103 N. Y. 429.

The further facts presented on the motion are stated in the opinion.

*A. Pond* and *R. L. Hand* for motion. The judgment appealed from, rendered at Special Term, although recovered for a penalty, or for a cause of action in the nature of a penalty, merged the original claim or cause of action in the judgment so recovered, and on the death of the original plaintiff, Blake, while the case was pending in this court on appeal, such judgment being personal property and a chose in action, passed to his legal representative and became assets of the estate in his hands, at common law, precisely the same as it would have done had the judgment been rendered for a personal injury. (Code Civ. Pro., § 2514, subd. 2, 13; *Wood* v. *Phillips*, 11 Abb. Pr. [N. S.] 1, 2; *Dillon* v. *Linder*, 36 Wis. 344, 354; *Harris* v. *Hammond*, 18 How. 123, 124; *In re Pioneer Paper Co.*, 36 id. 111, 114; *Sage* v. *Harpending*, 49 Barb. 166, 174; *Downer* v. *Howard*, 44 Wis. 82, 87.) By the Code of Civil Procedure the original claim of Blake upon the defendant, and the statutory liability of the latter to pay the debt of the company owing to Blake was made transferable, and hence the same would have passed to Blake's administrator, even if it had not been put into judgment before the death of Blake. (Code of Civ. Pro., §§ 755, 1909, 1910.) By the scheme established by the Code of Civil Procedure this court has the power at common law to grant an order of substitution where the death of a party occurs after a case is brought here by appeal. (Code of Pro., § 121; Code of Civ. Pro., § 757; *Hastings* v. *McKinley*, 8 How. 175; *Miller* v. *Gunn*, 7 id. 159; *Schuchardt* v. *Remiers*, 28 id. 514; *Downer* v. *Howard*, 44 Wis. 82, 87, 89, 90; 1 Wait's Practice, 155; *Wood* v. *Phillips*, 11 Abb. [N. S.] 1; Throop's Code, §. 1298; Bliss' Code, § 1298.)

*Wm. C. Holbrook* opposed. At common law an action in form *ex delicto* abated upon the death of a sole plaintiff or defendant, whether such party died before or after judgment, except where the remedy was extended to the personal representatives by the statute law. (Broom's Legal Maxims, 911; 4 Edw. 3 c. 7; 25 Edw. 3 st. 5 c. 5; 3 and 4 Will. 4 c. 42, § 2; *Moore* v. *McKinstry,* 37 Hun, 197.) Our Revised Statutes have proceeded upon the assumption that this rule of the common law was in force in this State, and without legislative sanction actions for a tort could not be maintained against the tort feasor by the personal representatives of the deceased party. (*Kelsey* v. *Jewett,* 34 Hun, 11; *Zabriskie* v. *Smith,* 3 Kern. 332, 336; *Hegerich* v. *Keddie,* 99 N. Y. 258; *Stokes* v. *Stickney,* 96 id. 323; *Schrieber* v. *Sharpless,* 110 U. S. 76; *Bk. of Cal.* v. *Collins,* 5 Hun, 209; *Reynolds* v. *Mason,* 54 How. Pr. 213; 6 Week. Dig. 531; 2 R. S. 448, § 1.) The provisions of the present Code are not sufficiently broad to, and do not, save from abatement an action based upon the penal sections of the General Manufacturing Act, where a sole plaintiff dies after final judgment. (Code Civ. Pro., §§ 755, 767; *Webber's Ex'rs* v. *Underhill,* 19 Wend. 447; *Livermore* v. *Bainbridge,* 49 N. Y. 127.) There was no such merger of the penal causes of action in the judgment as to save them from abatement, or to change their original form from causes of action *ex delicto,* to causes of action *ex contractu,* or so as to make the judgment property, in the sense that it passed to plaintiff's representatives as a property right or interest. ( *Wood* v. *Phillips,* 11 Abb. [N. S.] 1; *Gerry* v. *Post,* 15 How. Pr. 121; *Ireland* v. *Litchfield,* 22 id. 179; *State of Louisiana* v. *Mayor, etc., of New Orleans,* 109 U. S. 285; *O' Brien* v. *Young,* 95 N. Y. 428.)

*Per Curiam.* The motion for substitution must be granted. The plaintiff in the action, which was brought to recover the penalty imposed for failure to file a report and for filing a false report, under the provisions of the manufacturing act, died after judgment and during the pendency of an appeal. The argument of that appeal proceeded in this

court without our knowledge of his death and the judgment was affirmed. This motion is now made on behalf of the representatives of the plaintiff to substitute his administrator and for judgment of affirmance in his favor. The motion is both made and resisted upon a claim that the whole law of the survival of causes of action has been subjected to a radical change which makes erroneous the drift of our recent decisions, and requires at our hands the adoption of a new rule founded upon modifications effected by the Code of Civil Procedure. The defendant claims that these changes have taken away all provisions for saving from abatement, even after judgment, an action like the present (§ 764), and the plaintiff that all causes of action are made assignable and therefore survive except those specifically named (§ 1910); and so we have been mistakenly following the common law as modified by the Revised Statutes, instead of recognizing the new rule derivable from the Code. If such had been the intention of the legislature, it is quite singular that the repealing act of 1880, passed to remove from the statutes inconsistent and superfluous provisions, which had become such by the adoption of the Code, should not only have failed to repeal the two sections of the Revised Statutes (2 R. S., 448, §§ 1, 2), which in connection with the common law, furnished the rule of survival, but should have expressly excepted and preserved them. (1 Laws of 1880, p. 368.) And, not only that affects the conclusion to be reached, but the circumstance still more remarkable, that no new or substituted rule of survival should be directly supplied by the 'Code, but the change, so radical and important, should be left wholly to a possible inference derived from a modification in the assignability of causes of action. While it is true that, at common law, and as a general rule, the qualities of assignability and survival are tests each of the other, and convertible terms, and we have so declared (*Hegerich* v. *Keddie*, 99 N. Y. 258; *Brackett* v. *Griswold*, 103 id. 425), it does not follow that the legislature may not break that connection, and furnish a new and statutory rule of assignability, leaving

the law as to the survival of causes of action unchanged. Possibly, so much has been accomplished, but certainly nothing more. While section 1910 makes an apparent extension of the rule of assignability, and section 1909 allows what can be transferred to be enforced, the last provision is expressly declared to be not applicable to a case " where the rights or liabilities of a party to a claim or demand which is transferred are regulated by special provision of law." The " rights and liabilities" of parties under the penal provisions of the Manufacturing Act are not only " regulated " by special provisions of law, but are wholly created by such special provisions, and have no existence outside of the exceptional and peculiar authority and regulation of the statute. So that in the present case, as also in *Brackett* v. *Griswold*, the right of transfer given by the Code does not under the same Code give a right of enforcement to the transferee, but leaves the question of that right to the existing law. (§ 755.) The test remains whether the cause of action survives or continues. When, therefore, we said in *Hegerich* v. *Keddie* (*supra*) and followed the doctrine in *Brackett* v. *Griswold*, both of which were purely statutory actions, created and regulated by special enactments, that the rule of survival contained in the Revised Statutes must govern, we not only had the assent of counsel who argued their cases upon that basis, but the authority of section 1909 of the Code itself. If the legis- lature desires to adopt some different and simpler rule, and bring together what perhaps it would be wiser not to try to separate, it may do so in the future, but has not as yet accomplished the work. We grant this motion, therefore, not upon the ground asserted, but in accord with the settled rule that the cause of action after judgment is merged in the judgment, which itself may be assigned, and passes as assets to the representatives of a deceased party. Section 1912 clearly recognizes this rule by the expression that such a judgment " recovered upon *any* cause of action " may be transferred, but " if vacated or reversed the transfer thereof does not transfer the cause of action, unless the latter was

transferable before the judgment was recovered." Sections 1297 and 1298, relating to the death of a party pending an appeal, lead to the same conclusion. They indicate that until substitution the appeal cannot be heard, and so the argument had was irregular, but since it was thorough and exhaustive and followed by a motion for a reargument, and a third consideration of the case would do no more than waste the time of the court, we think we may accede to the request of the moving party, and having granted his order of substitution, also affirm the judgment appealed from in favor of the substituted administrator.

All concur.

Ordered accordingly.