DE WITT Fox, an Infant, by CHARLES RICH Fox, His Guardian *ad litem,* Appellant, *v.* THE INTERURBAN STREET RAILWAY Co., Respondent.

(Supreme Court, Appellate Term, January, 1904.)

Railroad Law — An infant passenger, refused a transfer under section 104, may sue in his own name for the penalty for a refusal.

An infant passenger, desiring to make for a single fare one continuous trip over two lines of street surface railway operated by a lessee corporation and refused by it a transfer from one line to the other to which he alleges himself to be entitled under section 104 of the Railroad Law, may sue in his own name for the penalty thereby imposed for such a refusal because he is "the aggrieved party" within the meaning of said section and is given by Code Civ. Pro., § 468, a right to sue when he "has a right of action".

Statement of the reasons why the father or natural guardian of the infant is not the proper party to bring the action.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, in favor of defendant, dismissing the plaintiff's complaint.

Mark Charles Platt (Harcourt Bull, of counsel), for appellant.

Henry A. Robinson (Arthur K. Wing, of counsel), for respondent.

GREENBAUM, J. The plaintiff, by his guardian *ad litem,* brought this action to recover a penalty of $50 under the pro-

visions of sections 39, 101 and 104 of the Railroad Law (Laws of 1890, chap. 565, as amd.), for an alleged refusal of a transfer from one line of railway operated by defendant to another line also operated by it.

At the opening of the trial, and without taking any testimony, the complaint was dismissed by the court, upon the defendant's motion that " the plaintiff, being an infant, was not the proper party to bring the action, but that as the father, or the natural guardian of the said infant, was the party who would be requested to pay the additional fare, if any should be required in the case of a refusal of the transfer, he, and not the infant plaintiff, was the aggrieved party within the meaning of the section of the Railroad Law cited, and, therefore, the proper party to bring the action."

The sole question presented upon this appeal, arising upon plaintiff's exception taken to the dismissal of the complaint, is the right of the plaintiff to maintain this action in his own name.   The respondent cites no authority for his proposition that the " father or natural guardian of the infant would be required to pay the additional fare," and that he would be the "aggrieved party," to whom reference is made in the Railroad Law.   Section 104 of the Railroad Law provided, *inter alia,* " for every refusal to comply with the requirements of this section, the corporation so refusing shall forfeit fifty dollars to the aggrieved party."

The respondent calls attention to section 39 of the Railroad Law, which specifically provides a penalty of $50 for the exaction of excessive fares by a railroad company, " to be recovered with the excess so received by the party paying the same," and argues that the courts, in construing this section, have practically held " that the purpose of the penalty is that of affording compensation to the person paying the excessive fare rather than that of punishing the railroad company."   It is, therefore, argued that the same reasoning would apply to the provisions of section 104 of the Railroad Law, and that as it is the duty of the parent or natural guardian to provide his minor son with the necessaries of life, the former would be obliged to provide the money for the second fare, and would in the contemplation

of the law be the loser thereby, and, therefore, "the party aggrieved."

It seems to me that the fallacy of the reasoning of the learned counsel for the respondent is apparent for the following reasons:

*First.* The paying of a fare on a car line is not *ipso facto* a necessary which the parent is obliged to furnish his child. It may be that walking would be more beneficial to the child than riding in the car, and, therefore, be far from a necessary. Then, again, it may appear that the father was of insufficient means and the child of considerable property, in which case there would be no obligation on the father's part to supply even necessaries. It thus seems reasonably clear that the court cannot, without proof of any facts, assume as matter of law that the payment of carfare would be a necessary which the parent or natural guardian must meet.

*Secondly.* A reading of the Railroad Law unquestionably shows that the person referred to as the "aggrieved party" is the one previously described in the same section as the "passenger." It, therefore, follows, that the plaintiff, who, in this case, alleges he was the "passenger" to whom the transfer was denied, must necessarily be the one who, in the language of the Railroad Law, is the "aggrieved party."

*Thirdly.* The payment of the fare by the plaintiff to the defendant, and the latter's acceptance thereof, constituted a contract between the plaintiff and the defendant, and the alleged failure of the defendant to issue the transfer gave the plaintiff by reason of the contractual relations established, and not his father or natural guardian, the right to maintain the action. "Whenever a party enters into a contract with a minor personally, or purchases property of him, or deals with him on his own account, such party must respond to him in an action the same as though he was an adult." Tyler Infancy & Coverture (2d ed.), § 132. A parent may bring an action for his minor child's earnings, arising out of the parental duty of maintenance of said child and upon the theory that the infant children are "the servants of their parents and laboring for them,

though not in their actual employment." Shute v. Dorr, 5 Wend. 204; Gray v. Durland, 50 Barb. 100, 211.

The right to maintain an action for the earnings of a minor child by no means confers upon a parent the right to bring every action, arising out of a contract made by the infant. Section 468 of the Code of Civil Procedure expressly confers upon an infant the right to bring an action, where he "has a right of action." Sufficient has been stated to show that the learned justice below erred and that the judgment must be reversed.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.