### COYLE v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. May 5, 1904.)

1. STREET RAILWAYS—REFUSAL OF TRANSFERS—PENALTY—RECOVERY BY ASSIGNEE.

    The penalty of $50 provided by Railroad Law, § 104, Laws 1892, p. 1406, c. 676, for refusal of a street railroad company to give a transfer, is one "regulated by special provision of law," within Code Civ. Proc. § 1910, making it in such case not enforceable by an assignee.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Charles J. Coyle against the Interurban Street Railway Company. From the judgment the parties prosecute cross-appeals. Affirmed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Harcourt Bull, for plaintiff.

Robert McMarsh, for defendant.

GREENBAUM, J. These are cross-appeals from a judgment rendered in an action brought under section 104 of the railroad law (Laws 1892, p. 1406, c. 676) to recover three penalties of $50 each, based on

three alleged refusals by defendant to furnish transfers from one street railroad line to another. Judgment was given in favor of plaintiff for two penalties based upon defendant's refusals to furnish him transfers on two separate occasions. The third penalty was sought to be recovered under an assigned claim of one Roach, to whom a transfer had been also refused on one of the occasions when the plaintiff failed to obtain a transfer.

The judgment, so far as defendant's appeal is concerned, must be affirmed under the authority of Topham v. Interurban St. Ry. Co., 86 N. Y. Supp. 295, Fox, an Infant, v. The Same, 86 N. Y. Supp. 64, and other cases recently decided in this court.

The appeal taken by the plaintiff from the judgment of dismissal upon the alleged cause of action arising out of the assigned claim may be disposed of under the authority of Blake v. Griswold, 104 N. Y. 613, 11 N. E. 137, which sufficiently discusses the point raised by plaintiff (appellant), and points out that section 1910 of the Code of Civil Procedure confers no right upon a transferee to enforce the payment of a penalty in view of the declaration contained in section 1909 of the Code that an assigned claim is not enforceable "where the rights or liabilities of a party to a claim or demand which is transferred are regulated by special provisions of law." The penalty here sought to be recovered is both created and "regulated by special provisions of law," and in principle is entirely analogous to the penalty which was the subject of the attempted recovery in the Blake Case, supra. The learned justice properly dismissed the complaint so far as this penalty was concerned.

Judgment affirmed, without costs to either party. All concur.