CARPENTER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. April 24, 1905.)

STREET RAILROADS—PASSENGER PAYING FARE—TRANSFERS.

    Railroad Act, § 104 (Laws 1892, p. 1406, c. 676), provides that street car companies shall upon demand, and without extra charge, give to each passenger paying one single fare a transfer, etc., and that on refusal the company so refusing shall forfeit $50 to the aggrieved party. *Held* that,

where plaintiff's husband paid the fares of both plaintiff and himself on defendant's street car, plaintiff was entitled to a transfer as a "passenger paying one single fare," and on refusal of such transfer could, as the "aggrieved party," maintain an action under the statute.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Edith K. Carpenter against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

A. Chalmers Charles, for appellant.
Harcourt Bull, for respondent.

GREENBAUM, J.   The plaintiff, in company with her husband, boarded a west-bound car of the Twenty-Third Street Line at or near Fifth avenue, with the purpose of going to Fifty-Eighth street and Sixth avenue.   The husband paid the fares of both, and asked for transfers for both to the Sixth Avenue Line, which would take them to their destination.   The transfers were refused by the defendant's agent, whereupon the plaintiff and her husband alighted from the car at Sixth avenue, and boarded a north-bound Sixth avenue car, where the husband again paid fares for both.   It is conceded that the defendant operated, under various leases, the lines in question, over the entire route over which the plaintiff traveled. The point is raised by the appellant that the plaintiff was not a passenger paying a fare within the language of section 104 of the railroad act (Laws 1892, p. 1406, c. 676), nor was she in any wise an "aggrieved party" entitling her to maintain an action against the defendant for the recovery of $50 as therein prescribed.   The language of section 104, so far as here applicable, is:

"Every such corporation shall upon demand and without extra charge, give to each passenger paying one single fare, a transfer entitling such passenger to one continuous trip to any point or portion of any railroad embraced in such contract. * * * For every refusal to comply with the requirements of this section the corporation so refusing shall forfeit fifty dollars to the aggrieved party."

The act gives to "the aggrieved party" a cause of action against the corporation offending its provisions.   We have had occasion to hold in Fox v. Interurban Street Ry. Co., 42 Misc. Rep. 538, 540, 86 N. Y. Supp. 64, that the "aggrieved party" within the meaning of the act had reference to the "passenger" previously described in the same section.   No convincing reason is presented for revising our opinion.   It is admitted that the plaintiff's fare was paid to the defendant on the Twenty-Third street car.   She thereby became a "passenger" on said car, and was recognized as such by the defendant from the fact that she was conveyed without demur on said car upon said payment.   It is obvious that it was wholly immaterial whether plaintiff paid her fare personally or through her husband.   The payment of the fare constituted her a passenger on defendant's car.   Being a passenger under section 104, she was

entitled, **as such** passenger, "without extra charge," to a "transfer entitling" her "to one continuous trip to any point or portion of any railroad embraced in the contract" or leases under which it is conceded the defendant was operating both lines of cars in question.

Appellant argues that the words, "each passenger paying one single fare," in the act, forbids the plaintiff in this case from maintaining this action. Such a construction would be a forced and narrow one, and not justified by the context. As matter of fact, plaintiff did pay her fare, through her husband. The payment of the fare by the husband was either as plaintiff's agent or a gift. In the former case she would, by the strictest interpretation of the act, be the person who paid the fare. If a gift, then the delivery of her fare to the defendant and her acceptance by defendant as a passenger made the gift to her complete, so as to entitle her to all the benefits and advantages of a passenger under the act as though plaintiff's husband had given her five cents with which to pay her fare, and she had personally handed that sum over to the conductor as fare.

Judgment affirmed, with costs. All concur.