In the Matter of the Petition of BROOKLYN TRUST COMPANY to Render and Settle Its Account as Trustee of a Trust Created for the Benefit of CORNELIA B. JACKSON, in and by the Will of THEODORE F. JACKSON, Deceased.

SAMUEL H. COOMBS, as Executor, etc., of CORNELIA B. JACKSON, Deceased, Appellant; BROOKLYN TRUST COMPANY, Trustee, Respondent; JOSEPH HENRY JACKSON and Others, Remaindermen, Respondents; FREDERICK W. TUCK, as Special Guardian, etc., of CHAUNCEY WINSLOW DEVEREAUX, an Infant, Respondent.

Second Department, November 17, 1930.

*Robert H. Wilson, Jr.*, for the motion.

*Albridge C. Smith*, opposed.

YOUNG, J. The appeal was taken solely by the deceased executor, Coombs, on June 6, 1930, and is from a decree of the Surrogate's Court of Suffolk county, as amended by an order of that court on May 15, 1930, settling the accounts of the Brooklyn Trust Company, as trustee for the benefit of Cornelia B. Jackson under the will of Theodore F. Jackson, deceased. Under the will of Cornelia B. Jackson, Stewart M. Neff and Samuel H. Coombs were coexecutors and both were parties to the accounting proceedings. The executor Neff did not serve any notice of appeal from the decree. On August 3, 1930, the appellant Coombs died and this motion is made by the surviving executor, Neff, for an order substituting him as appellant in the place and stead of Coombs. This application is resisted by the remaindermen respondents. Their contention

is in substance that, because the surviving executor failed to join in the appeal and his time to appeal has expired, he may not now be substituted for the deceased appellant, and that the appeal has died. This contention, I think, arises from a misconception of the true situation created by the death of a party to an appeal. The substitution provided by the Civil Practice Act in such a case is not the creation of some new right of appeal to the substituted party, but a continuation of the appeal taken by the deceased appellant. Under the statute, someone is clearly entitled to continue this appeal because a proceeding of this nature does not die simply because the appellant has died. Section 82 of the Civil Practice Act provides that "An action does not abate by any event if the cause of action survives or continues. A special proceeding does not abate by any event if the right to the relief sought in such special proceeding survives or continues."

Section 84 of the same act provides, among other things, that " In case of the death of a sole party to a special proceeding, if the right to the relief sought in such proceeding survives or continues, the court, upon a motion, must allow or compel such proceeding to be continued by or against his representative or successor in interest."

Section 307 of the Surrogate's Court Act provides in substance that where either party to an appeal dies before the appeal is heard and no substitution is made within three months thereafter, the court may require all persons interested in the decedent's estate to show cause why the judgment or order should not be reversed or affirmed or the appeal dismissed. This order must be returnable in not less than six months and upon its return, if the proper person has not been substituted, the court, upon proof of the required notice, may reverse or affirm or dismiss the appeal, etc. Similar provisions are contained in section 578 of the Civil Practice Act, concerning appeals generally.

Whether, therefore, this appeal be considered as a new proceeding, as argued by the respondent remaindermen, or whether it is only a continuation of the original proceeding, the death of the appellant does not abate the proceeding, because, clearly, the right to the relief sought survives. The appeal, however, cannot be heard until the substitution of the proper party. (*Blake* v. *Griswold*, 104 N. Y. 613.)

Had Coombs been the sole executor of Cornelia B. Jackson's estate, there would have been no question as to the right of an administrator c. t. a., after appointment, to be substituted as the appellant in the place of Coombs. The doubt results from the fact that there were two executors and only one (Coombs) appealed,

and has since died, and that the other (Neff) did not join in the appeal, but survives.

The notice of appeal by the deceased executor is clearly in behalf of the estate which he represents. It recites the specific portions of the decree which are appealed from and they all relate to rights and interests claimed to belong to the estate. The appeal is not in any sense to enforce any personal or individual right of the deceased executor nor does Neff seek to be substituted in order to enforce any right other than that belonging to the estate. He simply seeks to continue the appeal already taken in behalf of the estate by the deceased executor. Unless, therefore, an appeal by one of two or more executors is ineffective for any purpose, it survives the death of one, and the estate for whose benefit it was taken is entitled to have someone substituted as appellant in the place of the deceased executor. As Neff is the surviving executor and is entitled to represent the estate, the appointment of an administrator c. t. a. is unnecessary.

The motion should, therefore, be granted.

Present — YOUNG, HAGARTY, CARSWELL and TOMPKINS, JJ.; LAZANSKY, P. J., not voting.

Motion for substitution of party appellant granted.