OPINION OF THE COURT

Per Curiam.

Order entered June 23, 1980 reversed, with $10 costs.
This appeal involved the viability of a suit on four causes of action brought by plaintiff Cobert Construction Corp. and stems from the occupancy of a rent-controlled apartment. Defendant Seymour Syna was a tenant of an apartment located at 187 Chrystie Street. Syna sublet the apartment to Madeline Nash, at a rental of $150 a month. The apartment was a rent-controlled unit and Syna’s rent charges, alleges Cobert, exceeded the permissible maximum rent. Consequently, it is claimed that Syna was liable to subtenant Nash for treble the amount of the rent overcharges under section 61 of the Rent and Eviction Regulations of the City of New York.
*245 Cobert Construction Corp. entered the instant litigation on January 26, 1979. On that day, Cobert purchased 187 Chrystie Street. Five days later subtenant Nash moved out of apartment 9 to take up residence in California. Cobert then brought suit against Syna with the bulk of the claims being asserted as subtenant Nash’s assignee. The first three causes of action demanded recovery from Syna for the Nash rent overcharges, treble damages for those overcharges and recovery of Nash’s security deposit. A fourth cause of action sought redress for damage to the apartment allegedly caused by Syna.
Syna moved to dismiss, contending that as assignee Cobert was not the real party in interest capable of prosecuting the suit. Syna also argued that the claims raised by Cobert as assignee were not assignable; subtenant Nash, it was asserted, was the proper party to bring the suit.
Trial Term concurred with defendant’s position and dismissed all four of Cobert’s claims. That order should be reversed.
THE FOURTH CAUSE OF ACTION
Dismissal of this claim praying for recovery for damage inflicted by Syna to specified apartment was improper. In its fourth cause of action Cobert is in no sense attempting to prevail on an assigned claim. Instead, the injury for which compensation is desired in the fourth cause of action is one for which plaintiff sues in its own right — as a lessor whose property has been damaged.
THE FIRST THREE CAUSES OF ACTION
Section 13-101 of the General Obligations Law provides that subject to enumerated exceptions, any claim or action may be transferred. Section 13-105 further states that “[wjhere a claim or demand can be transferred, the transfer thereof passes an interest, which the transferee may enforce * * * in his own name, as the transferrer might have done * * * But this section does not apply, where the rights or liabilities of a party to a claim * * * which is transferred, are regulated by special provision of law” (emphasis added).
The underlined passage is the field upon which battle is joined by Cobert and Syna on the issue of Cobert’s right as *246 assignee to continue with its rent overcharge action. Syna argues that the right to bring an overcharge suit is of purely statutory lineage unknown to the common law. As such, the ability of an assignee to sue, as a transferrer might have done (see General Obligations Law, § 13-105), is qualified by the tail end of that section which cautions — “[T]his section [placing Assignees on equal footing with assignors of claims] does not apply where the right *** transferred [is] regulated by [a] special provision of law” — that provision here being the rent control treble damage regulations. Thus, Syna seems to suggest that any statutorily created rights are outside the free assignability compass of section 13-105 and may be sued upon only by the original aggrieved party.
Cobert for its part offers a counterinterpretation of section 13-105 of the General Obligations Law. Section 13-105, which permits an assignee’s suit, does not apply according to Cobert only where a special provision of law governs the assigned cause of action. Since no special statutory provision governs the assignment of rent overcharge claims, Cobert insists that as subtenant Nash’s assignee, it is fully entitled to prosecute an action founded on the wrong done to its assignor.
In our view, Cobert’s interpretation is the correct one. Free assignability of claims is the hallmark of modern New York practice (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 1004.14). Section 13-101 of the General Obligations Law reflects this policy of unencumbered assignability with the words “[a]ny claim or demand can be transferred”. Thus, it seems plain that absent any express legal proscription to the assignment of Ms. Nash’s overcharge claims, Cobert should be free as her successor to proceed with its lawsuit.
Concededly, authority does exist which seems to suggest that statutorily created rights are not covered by the generous assignability provisions of the General Obligations Law. In Blake v Griswold (104 NY 613), the Court of Appeals noted, albeit as dicta, that the policy of free assignment embodied in the 1887 Code of Civil Procedure and currently in the General Obligations Law does not *247 apply to an action of statutory origin; instead, the common law must be examined to determine the permissibility of an assignment.
Even were we to conclude that if section 13-105 does not permit assignability of the statutory rights involved here, nonstatutory case law does (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 1004.14 [in equity, an assignee may recover on a claim to same extent assignor would]). The approach we adopt, however, is to construe section 13-105 of the General Obligations Law as limiting an assignee’s right to recover only when a statutory provision expressly does so. A broad rule excising statutorily created actions from section 13-105’s reach and relegating to the common law the solution of whether assignment is permitted should not be followed. The enactment of statutory rights has mushroomed since the days of Blake v Griswold (supra), and only uncertainty would be injected by leaving to ad hoc judicial decision making, whether a certain right should or should not be assignable.
Finally it should be noted that we have not addressed the question of whether in fact a valid assignment was made by Ms. Nash to Cobert, and that matter may be litigated at trial.
Concur: Hughes, J. P., Riccobono and Asch, JJ.