## PROVINCIAL INSURANCE COMPANY *vs.* JOHN W. LAPSLEY & another.

Under *St.* 1854, *c.* 453, § 36, neither the omission of a foreign insurance company to appoint a general agent in this commonwealth, as required by § 32, without notice from the treasurer of the commonwealth so to do, nor the fact that the capital stock of the corporation is less than required by § 31, will prevent the corporation from maintaining an action upon a premium note.

ACTION OF CONTRACT by a foreign insurance company, established in Canada, against citizens of Alabama, upon a premium note given on the 10th of January 1855 for a policy of insurance delivered in this commonwealth upon a vessel then in Maine, afterwards registered in Alabama, and which during the continuance of the policy sailed between Mobile and Boston. At the time of making the contract and note, the capital stock of the plaintiffs did not amount to one hundred thousand dollars paid in and invested, exclusive of debts and stockholders' obligations; and they had not duly appointed a general agent in this commonwealth, upon whom process against them might

be served.   The case was submitted to the judgment of the court upon the above facts.

*C. W. Loring*, for the plaintiffs.

*J. G. Abbott*, for the defendants.

BIGELOW, J.   The defence set up in this case, that the note declared on was given as the consideration for a contract prohibited by statute, cannot be maintained.   So far as relates to policies of insurance issued by foreign insurance companies or their agents, and the notes given for premiums thereon, the rule of the common law, which does not permit contracts made in violation of the provisions of a statute to be enforced in the courts of this commonwealth, was repealed by *St.* 1854, *c.* 453, § 36, which was in force when the note in suit was given.   It is there provided that if insurance is made by a foreign insurance company, without complying with the requisitions of the act, "the contract shall be valid."   This would seem to include the consideration, which forms an essential part of every contract, and to render premium notes given for policies valid and binding on the assured.

But it is urged that the intention of the legislature in making this provision was not to render the notes given for premiums on policies valid, but only to give validity to the policies issued by foreign insurance companies, and thus prevent them from availing themselves of their own illegal and unauthorized acts to avoid payment of their liabilities to the assured in case of loss.   The obvious and conclusive answer to these suggestions is found in the last clause of the same section of the statute before cited, which provides that if any foreign insurance company "shall neglect, after notice by the treasurer of this commonwealth, to appoint a general agent agreeably to the provisions of this act, they shall not recover any premium or assessment made by them on any contract of insurance with a citizen of this commonwealth, until the provisions of this act are complied with."   This clearly recognizes the validity of premium notes in their inception, and that they are binding on the assured until such notice is given and the company have failed to comply with it, notwithstanding the contract of insurance was entered into in violation of the requirements of the statute.

It was also urged in behalf of the defendants, that this provision of the statute was not intended to give validity to notes taken for premiums by companies which are expressly prohibited from making insurance within the commonwealth, for the reason that their capital stock is not sufficient in amount, and their risks are not properly restricted to one tenth of their capital, as provided in § 31; but that the object of the legislature was to render only those notes valid which were given to foreign companies, otherwise competent to make insurance here, but who had failed to comply with the requirements of the statute as to appointing a general agent, filing certificates, &c., under §§ 32, 33. But we can see no foundation for this distinction between things prohibited and those required by statute. Insurance was equally prohibited by foreign companies under § 31, if they in any particular failed to bring themselves within all the specific regulations contained in the statute or violated any of its prohibitions. But it was not intended to render contracts made with or by them invalid, unless they omitted to comply with the provisions of the act in all respects, after notice from the treasurer of the commonwealth as provided in the thirty-sixth section.                    *Judgment for the plaintiffs*