BURSTEIN, Appellant, vs. PHILLIPS and another, Respondents.

*October 8—October 28, 1913.*

*Contracts: Construction: Sales: Uncertainty as to price and quantity:*
*Parol evidence: Breach: Measure of damages.*

1. Contracts deliberately made and not unreasonable in their terms ought, if possible, to be enforced by the courts rather than set aside.
2. When a contract is clear to the contracting parties and those who have to do with such transactions generally, it cannot be condemned for uncertainty because the uninitiated may not understand the terms used; and parol evidence is admissible to show the meaning of such terms.
3. In a written contract for the sale and delivery of two carloads of paper rags of different grades, the price of the grade last specified was stated as sixty cents "per cwt.," but the quoted words were not affixed to the prices of the other grades. It appearing that such goods are always sold by the pound and prices fixed either by the ton or by the hundred pounds, it is *held* that there was no substantial uncertainty as to price and that all the prices were by the hundred weight.

4. Under said contract one carload was to be made up of three classes of rags and the other of two classes, but the quantity of any one kind was not specified. It appeared that when the sale was made it was not known how much of each of the kinds the seller would be prepared to ship. *Held*, that the contract should be construed as giving the seller the right to fix the amount of each kind to be shipped, provided he included a substantial amount of each kind and shipped the full amount of two carloads in gross.

5. In an action by the vendee upon such contract to recover damages for a total failure to deliver, it appearing that his loss by reason of such failure was at a different rate upon each kind of rags, so that his entire loss could not be definitely fixed, it is *held* that he should recover the least sum which under the evidence he could lose, *i. e.* the amount lost by failure to deliver two carloads of those kinds of rags respectively upon which there was the least loss.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Reversed.*

This is an action to recover damages for the failure to deliver two carloads of rags alleged to have been sold by the defendants to the plaintiff by the following written agreement:

"October 5, 1912.

"We have today sold to *Meyer Burstein,* of Neenah, Wis., one carload prints and satinets, price 90c. loaded in car Eau Claire. Bagging 75c., mixed papers 45c., loaded in car.

"One car blues, price 140. Bundled newspaper and books and magazines, paper from book and stationery store, 60c. per cwt., these prices all delivered Neenah. Terms draft in full, time to deliver, fifteen days from date.

"Accepted,     M. BURSTEIN.
"Accepted,     PHILLIPS BROS."

Prints are black cotton rags; satinets, part cotton and part wool rags; bagging, old burlap, gunny sacks, and the like; mixed papers, such papers as are saved by drygoods dealers, clothing and shoe stores; blues, cotton rags of light color; bundled newspapers, books, magazines, and paper from book stores explain themselves.

There was no dispute as to the making of the agreement

nor as to the total failure of delivery, but the defendants' claim is that the contract was void for uncertainty, both as to the quantity and price of the goods. A special verdict was taken, by which the jury found that (1) a minimum carload was 30,000 pounds; (2) the market value of a carload of prints and satinets was $375; (3) of blues, $525; (4) the total contract price of the property described by the contract, $660.98; and (5) the market value of said property at the time and place of delivery, $857.53. The court set aside the verdict and entered judgment dismissing the complaint on the ground that the contract was void for uncertainty, both as to the goods sold and their price.

For the appellant the cause was submitted on the brief of *Sturdevant & Farr.*

*Joseph W. Singleton,* for the respondents.

WINSLOW, C. J. We have little difficulty in holding that there is no substantial uncertainty in the contract as to the price of the goods sold. Remembering that the various kinds of goods are all different grades of paper rags, and noting that the price of the last grade is specifically named as "60c. per cwt.," it seems not difficult to reach the conclusion that the previous prices named are also by the hundred weight. If this were doubtful, however, the testimony removes all doubt when it shows without dispute that such goods are always sold by the pound and the prices fixed either by the ton or by the hundred pounds. To a person accustomed to dealings of this nature it would be entirely clear that the prices all meant so many cents per hundred weight. When a contract is clear to the contracting parties and those who have to do with such transactions generally, it cannot be condemned for uncertainty because the uninitiated may not understand the terms used. Parol evidence in such case does not add to or vary the contract, but simply translates it from the language of the trade to the language of people generally. *Maurin v. Lyon,*

69 Minn. 257, 72 N. W. 72; *New England D. M. & W. Co. v. Standard W. Co.* 165 Mass. 328, 43 N. E. 112; 2 Page, Contracts, § 1110.

As to the supposed uncertainty in the amounts of the various kinds of rags sold, the question is quite different. It seems entirely clear that but two carloads were contracted to be delivered, one to be made up of three classes of rags and the other of two classes. Any other construction would necessitate either the elimination from, or the addition to, the contract of substantial words and clauses. It is equally certain that the contract does not specify how many pounds of any of the different kinds of rags are to go into either car. In this situation, is the contract to be held void for uncertainty? We think not. Contracts deliberately made and not unreasonable in their terms ought, if possible, to be enforced by the courts rather than set aside.

It is very evident from the parol testimony that at the time of the making of the contract it was not known how much of each of the various kinds of rags the defendants would be prepared to ship under the contract. The exact amount of each kind to be shipped was therefore not definitely fixed. It seems to us entirely reasonable to construe the contract as one giving the seller the right to fix the amount of each kind of rags to be shipped, providing of course that the full amount of two carloads in gross were shipped and that a substantial and not merely a nominal amount of each of the kinds of rags specified in the contract were included. *Metz v. Albrecht,* 52 Ill. 491. Had the defendants shipped two cars so loaded, the plaintiff would in our judgment have been bound under his contract to receive and pay for them, and if this be true it follows that the plaintiff is entitled to recover damages for the defendants' failure to make the shipment.

A difficulty arises as to the amount of damages recoverable under this construction of the contract, because it cannot be said with certainty what quantity of each kind of rags should

have been delivered, and hence it cannot be said just what plaintiff's loss was, inasmuch as the testimony shows a different rate of loss upon each kind of rags. This should not, however, deprive the plaintiff of all remedy. He is certainly entitled to the least sum which under the evidence he could have lost, *i. e.* the amount which he is shown to have lost by the failure to deliver two carloads of those kinds of rags respectively upon which the evidence shows there was the least loss. The evidence shows that of the material which was to be shipped in the first car the least loss was on "mixed papers," *i. e.* $3 per ton, and in the second car upon "blues," upon which the loss was $7 per ton. The circuit judge found, notwithstanding the jury's verdict, that twelve tons constituted a carload, hence the aggregate loss on the two cars would be $120, for which sum the plaintiff is entitled to judgment.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment for the plaintiff as indicated in the opinion.