CHAPMAN, Appellant, vs. ZAKZASKA, Respondent.

*April 3—May 1, 1956.*

For the appellant there was a brief and oral argument by *Robert A. Zum Brunnen* of Spooner.

For the respondent there was a brief by *Douglas, Omernik & Bitney* of Spooner, and oral argument by *W. W. Bitney*.

GEHL, J. The facts are not in dispute. On April 5, 1954, plaintiff, a motor-vehicle dealer, sold to defendant for the price of $1,695, plus a secondhand car, a used Nash automobile. Before the sale plaintiff had changed the speedometer reading on the Nash car to 21,000 miles. It had in fact traveled about 60,000 miles. A judgment note was given for a part of the purchase price. Judgment was taken upon the note. Defendant obtained an order setting aside the judgment and granting him leave to answer. He answered alleging that the sale was illegal because plaintiff had violated the provisions of sec. 218.01 (7a) (a), Stats., which are as follows:

"No used motor vehicle shall be offered for sale by any motor-vehicle dealer or motor-vehicle salesman unless the speedometer reading thereon shall be turned back to zero, . . ."

Violation of the requirements of the act is declared a misdemeanor.

By its answers to two of the questions of the special verdict a jury found that the value of the car as it existed at the time of the sale was $1,050, and that its value had it been

as represented by the speedometer reading would have been $1,695. The court made findings of fact and conclusions of law and on July 11, 1955, entered judgment dismissing the complaint. The court was of the opinion that plaintiff's violation of the provisions of the statute rendered the contract wholly illegal so as to require that it be held that plaintiff may have no recovery whatever. Whether the trial court was correct in that conclusion is the sole issue presented upon this appeal.

Not all such contracts are void. *Murphy v. Paull* (1927), 192 Wis. 93, 212 N. W. 402. To determine whether a statute such as that with which we are concerned is intended to render unenforceable contracts which conflict with its provisions, the intent and purpose of the legislature should be considered and ascertained.

In *Laun v. Pacific Mut. Life Ins. Co.* (1907), 131 Wis. 555, 563, 111 N. W. 660, quoting from *Pangborn v. Westlake* (1873), 36 Iowa, 546, we said:

" 'We are therefore brought to the true test, which is that while, as a general rule, a penalty implies a prohibition, yet the courts will always look to the language of the statute, the subject matter of it, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment; and if from all these it is manifest that it was not intended to imply a prohibition or to render the prohibited act void, the courts will so hold, and construe the statute accordingly.' "

Speaking of the rule often stated, and very often by way of dictum, that contracts made in violation of a statute are unenforceable, it was said in *Menominee River Boom Co. v. Augustus Spies L. & C. Co.* (1912), 147 Wis. 559, 579, 132 N. W. 1118, quoting from *Deming v. State ex rel. Miller* (1864), 23 Ind. 416:

" 'It is a grave error to regard it as a merely arbitrary rule, applicable to *all* contracts which are prohibited by statute.' "

"Legislative intent must be sought in each particular case, and though it is generally true that the imposition of a penalty for entering into a bargain or performing an act that is the subject matter of the bargain makes the bargain illegal, that is not invariably the case." Restatement, 2 Contracts, p. 1088, sec. 580, comment *a*.

For the proper construction of the statute it is not enough that only its terms be considered. Its effect must be deduced from a consideration of it and other statutes on the same subject, *Ocean A. & G. Corp. v. Combined Locks P. Co.* (1916), 162 Wis. 255, 156 N. W. 156, and the applicable rules of the common law.

The facts establish the making by plaintiff of an express warranty relating to the automobile within the definition contained in sec. 121.12, Stats. The remedies for a breach thereof are set forth in sec. 121.69. Having elected to keep the car, defendant impliedly chose to "set up against the seller [plaintiff], the breach of warranty by way of recoupment . . . or extinction of the price." Sec. 121.69 (1) (a). For the breach of the warranty this is his sole and limited remedy. Nowhere in the Sales Act is it provided that in such case the buyer may keep the goods warranted, which the defendant did in this case, and be relieved entirely of the obligation to pay the purchase price without a showing that he has actually been damaged in an amount equal to or greater than the purchase price or that the article sold has proved to be worthless.

The facts are also such as to permit recovery in an action for fraudulent misrepresentation. The measure of damages in an action so based is also clearly established in this state, that is, the difference between the value of the property as it was when purchased and what it would have been had it been as represented. *Anderson v. Tri-State Home Improvement Co.* (1955), 268 Wis. 455, 67 N. W. (2d) 853, 68 N. W. (2d) 705.

The consequences of a violation of sec. 218.01 (7a) (a), Stats., are defined therein. It would seem that if the legislature had intended to extend or enlarge those consequences by enlarging the remedies long and exclusively afforded to the buyer in case of breach of warranty or of a fraudulent misrepresentation it would have so declared.

The statute does not purport to create a new civil violation, nor to prohibit the sale of used cars. It is unlike those which, for instance, prohibit gambling, the sale of contraband goods, bargains made in violation of Sunday laws, *et cetera*. Unlike the situation in those cases, the illegality in the instant case does not permeate the contract so as to furnish the reason for it and the foundation upon which it rests so as to make applicable the rule so generally and sometimes unnecessarily broadly stated that all contracts prohibited by statute are void and unenforceable. It is our opinion that the statute was intended to impose upon the violator an additional penalty, not to enlarge the rights of the other party to the contract.

We conclude that the court erred in holding the contract unenforceable. The jury found the automobile to have been worth at the time of the sale $1,050, or $645 less than it would have been as represented. Plaintiff should, therefore, have judgment for the amount of its note, less the sum of $645, and plus interest to be computed.

*By the Court.*—Judgment reversed. The cause is remanded with directions to enter judgment in accordance with this opinion.

CURRIE, J., dissents.