ZBICHORSKI, Respondent, v. THOMAS, Appellant.

*May 5—June 7, 1960.*

626

For the appellant there was a brief by *N. Paley Phillips,* attorney, and *Bertram J. Hoffman* of counsel, both of Milwaukee, and oral argument by *Mr. Hoffman.*

For the respondent there was a brief by *Silverstein & Warshafsky,* attorneys, and *Merton N. Rotter* of counsel, all of Milwaukee, and oral argument by *Mr. Rotter.*

BROADFOOT, J. The motion for summary judgment was based primarily upon the affidavit of Sophie Thomas which incorporated a portion of an adverse examination of the plaintiff. It appears from the affidavit that no copy of the contract, note, or any other document was furnished to Mrs. Thomas as required by Order 110.02 of the Wisconsin department of agriculture, which order was adopted pursuant to authority granted by sec. 100.20, Stats. The trial court denied the motion on the ground that there were questions of fact to be determined, one of such questions being whether this contract is governed by said order.

The order provides that contracts or agreements between buyer or seller in which the sale of roofing and siding at retail is the basis of the contract shall be in writing, and that a true and accurate copy of all contracts shall be left with the customer, and further that the customer shall not be required to sign a note until the work is completed.

Sec. 100.26, Stats., provides a penalty for refusal, neglect, or failure to obey any regulation made pursuant to sec.

100.20. The record shows that no roofing is involved but that the dwelling was re-sided with aluminum siding. In addition, the plaintiff states that he removed a front porch, dug a passage through a five-foot hill to make room for a front entranceway, constructed three awnings and three canopies over doors, installed two aluminum doors, broke through a concrete wall under the front porch, laid a concrete slab there and installed metal railings thereon, constructed concrete steps at the rear and installed railing thereon, laid a concrete sidewalk with steps to the front porch from the front sidewalk, constructed two retaining walls from the sidewalk to the building, and knocked out a lower wall to install a basement picture window.

The record does not establish the costs of the different items. Unless the siding part of the contract was *the* basis thereof, the order or regulation would not cover this contract. Certainly all contracts that involve roofing or siding are not subject to the regulation automatically. The trial court was correct in stating that a trial will be necessary to determine this question.

In addition thereto, the defendant was not entitled to a summary judgment because even if the contract is governed by the regulation and is illegal as claimed by the defendant, the plaintiff will be entitled to recover on his alternative cause of action based on *quantum meruit*. 58 Am. Jur., Work and Labor, p. 539, sec. 35; *Mead v. Ringling,* 266 Wis. 523, 64 N. W. (2d) 222.

Other instances in which recovery was permitted, although contracts prohibited by statute were involved, are *Menominee River Boom Co. v. Augustus Spies L. & C. Co.* 147 Wis. 559, 132 N. W. 1118, and *Chapman v. Zakzaska,* 273 Wis. 64, 76 N. W. (2d) 537.

The defendant relies upon the decision in the case of *Perma-Stone Corp. v. Merkel,* 255 Wis. 565, 39 N. W. (2d)

730. That case involved a contract for the roofing and siding of a dwelling. The decision states that in addition some repairs and alterations were to be made. Reference to the briefs in that case indicates that the repairs and alterations constituted a minor portion of the contract price. In addition, the contract was canceled before any work was done thereunder and the action was one for breach of contract. No labor was performed and no materials were furnished that would serve as the basis for a recovery on *quantum meruit*.

*By the Court.*—Order affirmed.