WALTER L. WASHBURN, M.D., Secretary Medical Examining BoardDepartment of Regulation and Licensing
You have requested my opinion in regard to two issues relating to the practice of physical therapy which arise under the fee splitting statute, sec. 448.08(1), Stats., and the professional service corporation statute, sec. 180.99(2), Stats.
You state that there are a number of instances in the State of Wisconsin where a physical therapist has a salaried relationship with a service corporation in which the "field of endeavor" within the meaning of sec. 180.99(2), Stats., is the practice of medicine and/or surgery. The service corporation, made up of licensed physicians, pays the salary of the physical therapist and refers patients to the physical therapist for therapy in accordance with the physicians' directions. The patient is then billed by the service corporation and the fees are ultimately collected by and paid to the service corporation. You further indicate that in this way the fees for the therapy are split between the therapist's salary and the corporation's income. *Page 109 
You question whether this arrangement violates the fee splitting provisions of sec. 448.08(1), Stats., which read as follows:
 FEE SPLITTING. Except as otherwise provided in this section, no person licensed or certified under this chapter may give or receive, directly or indirectly, to or from any person, firm or corporation any fee, commission, rebate or other form of compensation or anything of value for sending, referring or otherwise inducing a person to communicate with a licensee in a professional capacity, or for any professional services not actually rendered personally or at his or her direction.
The original "fee splitting" statute was enacted by ch. 570, Laws of 1913, and became sec. 4431b of the statutes. The Attorney General described the purpose of this law in 3 Op. Att'y Gen. 218, 219 (1914) as follows:
 The object of this law, as I understand it, was to prevent the practice, which was alleged to have grown up in this state, of physicians and surgeons in the larger cities, paying fees or commissions to the country physicians and surgeons for inducing or advising patients to submit to operations or treatments by such city physicians and surgeons. Such fees or commissions were not for any services rendered to the patient, but purely a service rendered to the other physicians or surgeons in the way of sending them this business.
That construction of the law was strengthened by ch. 469, Laws of 1915, and subsequent opinions of the Attorney General at 6 Op. Att'y Gen. 306 (1917) and 24 Op. Att'y Gen. 580 (1935). In 6 Op. Att'y Gen. 306 (1917), the question raised concerned a proposal being promoted by the "Wisconsin Committee for Medical Preparedness" which related to physicians enlisting for service in World War I. The committee was asking physicians to sign a statement including the following paragraph:
 Recognizing the patriotism of those members of the Medical Profession who volunteer for the service of the U.S. Government, I agree to remit to my County Secretary one third of such fees as I receive for attendance on patients of doctors ordered into active service for the Government, these remittances to be held in trust for the volunteer or turned over to his family. *Page 110 
The question was whether such an agreement violated the "fee splitting" statute.
In finding no fee splitting after reviewing the earlier 1914 opinion, the Attorney General pointed out that the statute required an element of advice or inducement, and of fee splitting as compensation for such advice or inducement, before an offense of "fee splitting" would be present. It is to be noted that the present statute, sec. 448.08(1), Stats., still contains the inducement requirement. In other words, it was then illegal and is still illegal for a physician to share in a fee charged for services of another physician merely because the sharing physician has referred or induced a patient to communicate with another physician who provided the professional services. Since ch. 383, Laws of 1975, the fee splitting statute is applied to any persons licensed under ch. 448, Stats., which includes physical therapists.
In construing sec. 448.08(1), Stats., we must remember that the statute provides for a criminal penalty of $10,000.00 or imprisonment for not more than nine months or both and therefore the statute must be strictly construed. State v. Wilson,77 Wis.2d 15, 252 N.W.2d 64 (1977) and Chapman v. Zakzaska, 273 Wis. 64,76 N.W.2d 537 (1956).
The statute prohibits two things. First, it prohibits the receiving of any fee for sending, referring or otherwise inducing a person to communicate with another licensee. Secondly, it prohibits any licensee under the chapter from receiving any fee "for any professional services not actually rendered personally or at his or her direction." Thus, where the physician participates with or directs the physical therapist in rendering treatment, both the physical therapist and the physician may receive compensation for the services rendered.
Ordinarily, after the physician has referred a patient to a physical therapist pursuant to sec. 448.04(1)(e), Stats., the physician would not provide further direction in the carrying out of the physical therapy treatment and, therefore, the physician could not make a separate charge for that treatment. However, this does not mean that where the physical therapist is employed by a medical professional service corporation, the billings for the services of the physical therapist could not include amounts for salary, fringe benefits, and operating *Page 111 
expenses in connection with the operation of the corporation. There would also be no violation of the fee splitting statute, sec. 448.08(1), Stats., where the physician, through a service corporation owned by that physician, bills the patient for his own services and for the services of the employed physical therapist.
Section 448.08(2), Stats., requires that anyone licensed under ch. 448, Stats., who renders any medical service
 to any patient, physician or corporation, or to any other institution or organization of any kind, including a hospital, for which a charge is made to such patient receiving such service . . . shall, . . . render an individual statement or account of the charges therefor directly to such patient, distinct and separate from any statement or account by any physician or other person . . . .
In my opinion this separate billing requirement is satisfied under the above circumstances where the billing identifies the physician and physical therapist providing the services and states an accurate dollar figure for the respective services.
In your second question you ask whether a medical professional service corporation created under sec. 180.99(2), Stats., is in violation of that statute when physical therapists are on the staff of that medical professional service corporation. You say the issue arises because the "field of endeavor" for the service corporation is listed as the "practice of medicine and/or surgery." Although there is no definition in the statutes of "field of endeavor," it does not appear that the Legislature intended to prohibit a medical service corporation formed for "practice of medicine and/or surgery" from employing nurses, physical therapists, podiatrists or other licensed individuals whose professions are supportive of the practice of medicine and surgery. Indeed, the last sentence of sec. 180.99(8), Stats., and the last sentence of sec. 180.99(9), Stats., would support a construction that the Legislature intended that the term "field of endeavor" be liberally construed and that the terms "officers, employees or agents" used in sec. 180.99(2), Stats., include physical therapists employed by such corporation. *Page 112 
Accordingly, it is my opinion that the employment of physical therapists under the circumstances set out in your opinion request would not violate sec. 180.99, Stats.
BCL:LLD