J. Dale DAWSON and Gudrun Dawson, Plaintiffs-
Respondents,

v.

Robert J. GOLDAMMER and Eileen K. Goldammer,
Defendants-Appellants. †

Court of Appeals

*No. 01–3075. Submitted on briefs October 10, 2002.—Decided
December 4, 2002.*

2003 WI App 3

(Also reported in 657 N.W.2d 432.)

† Petition for review filed.

664

On behalf of the defendants-appellants, the cause was submitted on the brief of *David R. Sparer* of *King Street Law Collective, Inc.* of Madison.

There was a reply brief submitted by *Jason H. Klimowicz* of Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Robert G. Pyzyk* and *Matthew R. Jelenchick* of *Niebler, Pyzyk, Klaver & Wagner LLP* of Menomonee Falls.

There was an amicus curiae brief filed by *Laurence J. Dupuis* for Legal Action of Wisconsin, Inc.

Before Brown, Anderson and Snyder, JJ.

¶ 1. BROWN, J. This case presents the natural corollary to *Baierl v. McTaggart*, 2001 WI 107, 245 Wis. 2d 632, 629 N.W.2d 277. In *Baierl*, our supreme court held that a landlord who includes an attorney's fees provision in a residential lease, which is specifically prohibited by WIS. ADMIN. CODE § ATCP 134.08(3), may not enforce the terms of a lease against tenants who had prematurely abandoned the rental property. *Baierl*, 2001 WI 107 at ¶¶ 2, 5. The court determined that the inclusion of the prohibited provision did not render the contract a legal nullity, but reasoned that to allow the landlord to enforce the lease would completely defeat the objectives of § ATCP 134.08(3). *Baierl*, 2001 WI 107 at ¶¶ 20, 40. In this case, the tenants, Robert J. and Eileen K. Goldammer, seek to enforce a lease containing a similar illegal attorney's fees provision against landlords J. Dale and Gudrun Dawson. We conclude that permitting tenants to prospectively enforce a lease that

667

contains a provision violating § ATCP 134.08(3) would serve to advance the intent behind the regulation. We also hold that a tenant who seeks to prospectively enforce a lease is reaffirming the terms of the lease and the landlord's right to enforce the lease. We, therefore, reverse the decision of the trial court that voided the lease.

¶ 2. The facts relevant to this appeal are as follows. In 1995, the Dawsons leased a parcel of property in Washington county to the Goldammers under a written four-year rental agreement denominated a "farm lease." The property includes the residential home of the Goldammers. Under the terms of the lease, the Goldammers had two renewal options of four years each. The Goldammers properly exercised the first renewal option, which extended the lease until December 2003. The second renewal option, should the Goldammers choose to exercise it, would extend the lease until December 31, 2007. The lease requires the Goldammers to cultivate the land. The lease also contains a provision requiring the Goldammers to "pay and discharge all costs and attorney's fees and expenses that shall arise from enforcing any of the covenants of this lease by the lessor." The parties do not dispute that this provision is in direct violation of WIS. ADMIN. CODE § ATCP 134.08(3), which prohibits the inclusion of a clause requiring a tenant to pay a landlord's legal expenses for enforcing a rental agreement. *See id.*[1]

¶ 3. In August 2000, the Dawsons commenced a declaratory judgment action requesting a declaration

---

[1] The regulation prohibits rental agreement provisions that "[r]equire payment, by the tenant, of attorney's fees or costs incurred by the landlord in any legal action or dispute arising under the rental agreement." WIS. ADMIN. CODE § ATCP 134.08(3).

that the lease between the parties was void and terminated by its own terms as a matter of law. The Dawsons maintained that the lease was a commercial, and not a residential, lease and the Goldammers breached the lease by failing to cultivate the land and to pay timely rent in July 2000. The court found that the lease was a residential lease, the Goldammers had paid the July 2000 rent in a timely manner and the question of whether the Goldammers cultivated the property was inappropriate for summary judgment. The court also determined that the parties had entered into an implied stipulation agreement which required the Goldammers to pay the rent into an escrow account pending the outcome of the case, and the Goldammers were obligated to pay monthly rent of $1550 beginning in July 2000. The trial court then sua sponte raised and relied upon *Baierl* in concluding that a violation of WIS. ADMIN. CODE § ATCP 134.08(3) rendered the lease unenforceable by either party, leaving the parties with a month-to-month tenancy. The Goldammers subsequently closed the escrow account and withdrew the money they deposited for rent without any accounting. The Goldammers then appealed from the court's order granting the Dawsons' motion for summary judgment.

¶ 4. We review a grant of summary judgment de novo, applying the same methodology as employed by the circuit court. *Town of Beloit v. County of Rock*, 2001 WI App 256, ¶ 12, 249 Wis. 2d 88, 637 N.W.2d 71, *review granted*, 2002 WI 23, 250 Wis. 2d 555, 643 N.W.2d 93 (Wis. Jan. 29, 2002) (No. 00–1231). Summary judgment is appropriate if the record reveals no genuine issue of material fact and the moving party is

669

entitled to judgment as a matter of law. WIS. STAT. § 802.08 (1999–2000).[2]

¶ 5. The sole question before us is whether the Goldammers can seek specific performance of the lease despite the inclusion of the illegal provision. The Goldammers claim that the trial court erred when it determined that the supreme court's analysis in *Baierl* dictated that a residential tenant could not enforce a lease against a landlord that contained a term prohibited by WIS. ADMIN. CODE § ATCP 134.08(3). The Goldammers seem to assert that *Baierl* not only permits them to enforce the lease, but also, at the same time, allows them to avoid their obligations under the lease. The Dawsons, on the other hand, appear to posit that *Baierl* prohibits the enforcement of all leases containing such clauses, regardless of who is seeking to enforce the lease and the context in which enforcement is sought. Both parties misapply *Baierl*.

¶ 6. As a general rule, we will seek to enforce contracts deliberately made by the parties rather than set them aside. *See Burstein v. Phillips*, 154 Wis. 591, 594, 143 N.W. 679 (1913). This preference for enforcing bargains may give way where a contract violates a statute, rule of law, or public policy. *Cont'l Cas. Co. v. Wis. Patients Comp. Fund*, 164 Wis. 2d 110, 117, 473 N.W.2d 584 (Ct. App. 1991). However, it is "grave error" to assert that all contracts in violation of a statute are void or unenforceable. *See Chapman v. Zakzaska*, 273 Wis. 64, 66, 76 N.W.2d 537 (1956). The controlling analysis in determining whether a statutory or regulatory violation renders a contract unenforceable is the

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

intent underlying the provision that was violated. *Baierl*, 2001 WI 107 at ¶ 19.

¶ 7. In *Baierl*, the landlord sought to enforce the terms of a lease that included the provision prohibited by WIS. ADMIN. CODE § ATCP 134.08(3) against tenants who had vacated the rental property prior to the natural termination of the lease. *Baierl*, 2001 WI 107 at ¶¶ 5–7. Although it ultimately concluded that the landlord could not enforce the lease, the court indicated that a tenant would be able to enforce a lease with a prohibited provision notwithstanding the landlord's inability to enforce such a lease:

> We do not view the question as whether the lease is void, *i.e.,* a legal nullity, because in such case no party could enforce the lease. Where a statute is intended to protect one party to a contract, that party may seek enforcement notwithstanding the violation of the statute enacted for their protection. Thus, the question in this case is not whether the lease is void. If it were, not even the tenants could enforce the lease.

*Id.* at ¶ 20 (citation omitted). Thus, the court recognized that a lease containing a provision violating a regulation is not necessarily void, but rather, may be unenforceable by one or both parties, and suggested that under certain circumstances, a tenant could seek enforcement of a lease containing the illegal attorney's fees provision.

██

¶ 8. *Baierl* teaches that, in some instances, refusing to permit a party to enforce a contract that includes a prohibited provision actually would frustrate rather than further public policy. Where a regulation is enacted to protect the class of persons to which the party seeking enforcement belongs, public policy may support permitting that party to seek enforcement of a contract,

despite the inclusion of the prohibited provision. *See* RESTATEMENT (SECOND) OF CONTRACTS § 179 cmt. c (1981). The refusal of a remedy against such a party to a contract containing the illegal provision would penalize the very person for whose benefit the legislature declared the clause illegal. 15 ARTHUR L. CORBIN, CORBIN ON CONTRACTS § 1540 (Interim Ed. 1979). In such cases, there is no reason in the proper circumstances why the court could not grant specific performance in favor of a party for whose benefit the law was intended and against a party toward whom the legislature directed the prohibition. *Id.* Accordingly, to the extent that the court's decision leaves any doubt that Goldammers may seek specific performance, we must ascertain the intent and purpose of the objectives of the legislature in enacting the prohibition to determine whether the statute is intended to protect tenants.

[7]

¶ 9. The *Baierl* court's analysis of both the language of the administrative regulation and its object, history, and subject matter tells us that the prohibition on attorney's fees clauses is intended to protect tenants, and thus, a tenant could seek enforcement of a lease containing such a clause. According to the court, the regulation was part of an overall statutory and regulatory scheme established to encourage the private enforcement of legal rights. *Baierl*, 2001 WI 107 at ¶ 31. The regulation proscribes a provision that is properly denominated an unfair trade practice engaged in by landlords and seeks to alleviate the inherent inequality of bargaining power that exists between landlords and tenants. *See id.* at ¶¶ 23, 25. The court noted that in enacting the regulation the Department of Agriculture, Trade and Consumer Protection sought not only to eliminate a source of unfairness to residential tenants

672

generally, but also, more specifically, to prevent tenants from being intimidated into forgoing their legal rights due to the fear that they would be forced to bear the landlord's litigation expenses. *See id.* at ¶ 30. Thus, WIS. ADMIN. CODE § ATCP 134.08(3) is clearly designed to protect the tenant from a provision landlords often insert solely for the purpose of discouraging tenants from enforcing their legal rights. *See Baierl,* 2001 WI 107 at ¶ 29. To refuse to allow a tenant in this situation to enforce the lease would stand the rationale of the *Baierl* decision on its head by punishing the class the regulation is intended to benefit and permitting the landlord to unfairly reap the benefit of the clause's inclusion. We therefore hold that a tenant may seek enforcement of a rental agreement that includes an attorney's fees provision in violation of § ATCP 134.08(3), and the trial court erred when it concluded that the Goldammers could not seek to enforce the lease.

■

¶ 10. Although we conclude the Goldammers may seek enforcement of the lease, this decision does not grant the Goldammers license to avoid their obligations under the lease. The Goldammers appear to argue that *Baierl* not only permits them to enforce the lease, but also prevents the landlord from asserting his or her rights under the lease. The Goldammers want the best of both worlds.

■

¶ 11. In *Baierl,* the tenants had abandoned the premises during the course of the lease and the landlord sought to enforce the lease in an attempt to compel the tenants to pay a "penalty" rent for the remaining periods when he could not lease the premises. *Baierl,* 2001 WI 107 at ¶¶ 5–7. The court concluded that it

could not allow the landlord to enforce the lease or it would be permitting the landlord to avoid the consequences of inserting the illegal provision. *Id.* at ¶ 35. This makes perfect sense. Here, however, the tenants seek to prospectively enforce the lease. The tenants are aware that the attorney's fees provision is prohibited by the ATCP regulation but nonetheless are opting for specific performance. In so doing, the tenants may not pick and choose which of the provisions they will adhere to in the future and then rely on the rationale in *Baierl* to prevent the landlord from asserting his or her rights under the lease. By the tenant's very action, he or she wants enforcement of the lease and is responsible for the terms of the lease. We therefore hold that while a landlord cannot seek damages for abandonment of a lease that has an ATCP violation, a tenant who seeks to prospectively enforce the lease has waived his or her rights pursuant to *Baierl* in the event of a breach on the part of the tenant. Accordingly, we conclude that by seeking to enforce the lease, the Goldammers are reaffirming the terms of the lease and the Dawsons' reciprocal right to enforce those provisions.

¶ 12. The Dawsons raised three issues at the summary judgment hearing: (1) the lease was a "farm lease" and not a residential lease, (2) the Goldammers had breached the lease by failing to pay rent in a timely manner in July 2000 and (3) the Goldammers had breached the lease by failing to cultivate the property. In its summary judgment order, the trial court determined that the lease was residential in nature, the cultivation issue was not proper for summary judgment, and the Goldammers had paid rent in a timely manner pursuant to the terms of the implied stipulation between the parties. The Dawsons have not chal-

lenged the trial court's rulings on these issues and thus they are not before us on appeal.

¶ 13. However, the Dawsons appear to argue that the law articulated in *Baierl* should not apply to this case because the Goldammers breached the lease when they removed the money "earmarked for past rent due" from the stipulated-to escrow account and refused to hand the money over to the Dawsons. The Dawsons also seem to assert that even if we determine that *Baierl* permits the Goldammers to enforce the lease, the Goldammers elected to void the lease when they liquidated the escrow account.

¶ 14. These arguments are premature. From the trial record it appears that at a status hearing occurring after the Goldammers appealed the summary judgment ruling, the trial court declined to address the issues of past due rent, any set-offs to the past due rent, and the effect of the closing of the escrow account until we had rendered our decision. Thus, the trial court has not issued a decision as to any of the matters the Dawsons raise on appeal. It is axiomatic that we are a reviewing court and as such we cannot address questions on those matters without a ruling or decision from the trial court. We therefore decline to address the Dawsons' arguments concerning the Goldammers' alleged breaches of the lease and how they would impact the application of *Baierl* to this case.

*By the Court.*—Order reversed and cause remanded.