EDGAR F. BRACKETT, Administrator, etc., Respondent, *v.* CHESTER GRISWOLD, Appellant.

The cause of action given by the General Manufacturing Act (§ 15, chap. 40, Laws of 1848), to a creditor of a corporation organized under it, against a trustee thereof who has joined in making a false annual report, dies with the creditor. The provisions of the Revised Statutes (2 R. S. 448, § 1), modifying the common-law rule in regard to the survivability of actions *ex delicto*, affect only injuries to property rights, and as the said cause of action does not affect or concern any property right or interest as the subject of the injury, the common-law rule applies, and the action abates upon the death of either party.

A cause of action for a conspiracy to cheat and defraud does affect property rights and so survives.

(Argued October 6, 1886; decided November 23, 1886.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made January 19, 1886, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. Also, appeal from order of said General Term made May 26, 1885, reviving and continuing this action in the name of the present plaintiff as administrator of the estate of Samuel Bonnell, Jr., the original plaintiff.

This action was brought by said Bonnell as a judgment creditor of the Iron Mountains Company, of Lake Champlain, against the defendants, who were trustees of said company, to recover of them the amount of its indebtedness upon two grounds: 1st. That said defendants signed the company's annual report for the year 1879, knowing the statements therein as to the assets of the company were false. 2d. That

said company was organized in pursuance of a fraudulent conspiracy on the part of the defendants, to deceive plaintiff and the public. Pending the action Bonnell died.

*Wm. C. Holbrook* and *M. D. Grover* for appellants. The original plaintiff having died before judgment, this action cannot be maintained. (*Reynolds* v. *Mason*, 54 How. Pr. 213 ; 6 Week. Dig. 531 ; *Bk. California* v. *Collins*, 5 Hun, 209, 220 ; *Zabriskie* v. *Gray*, 13 N. Y. 322.)

*E. T. Brackett* for respondent. The liability for the penalty given by the statute against trustees, where the company fails to make a report within section 12 of the act of 1848, or makes a false report, under section 15 of said act, is " for the debts of the company," and hence the right to recover such penalty or penalties vests, if at all, in the creditors of the company, the owners of said debts, at the time. (3 R. S. at Large, 735, § 12 ; id. 736, § 15.) The debt being assignable, the right to the penalty follows and accompanies the debt and vests in the assignee. (*Stokes* v. *Stickney*, 96 N. Y. 323, 327 ; *Bolan* v. *Crosby*, 49 id. 183 ; *Hoag* v. *La Mont*, 60 id. 96 ; *Pier* v. *George*, 86 id. 613 ; *Carley* v. *Hodges*, 19 Hun, 187, 188 ; *Zoller* v. *O'Keefe*, 15 Abb. N. C. 483, 485.) The administrator of a deceased party succeeds to all claims or choses in action which the decedent had the power to assign while living, and his legal representative is, in law if not in fact, his legal assignee. (*Zabriskie* v. *Smith*, 3 Kern. 333.) Although, where the trustee dies, the penalty is gone, and no liability therefor survives against his personal representative, yet, where the creditor dies, the right to recover the penalty accompanies the debt, and does survive against the trustee and vests in the creditor's legal representatives as assignee thereof. (*Stokes* v. *Stickney*, 96 N. Y. 323, 327 ; *Carley* v. *Hodges*, 19 Hun, 187, 188 ; *Zoller* v. *O'Keefe*, 15 Abb. N. C. 483, 485.) The cause of action alleged in the complaint for fraudulent conspiracy to organize and for organizing a bogus corporation, by means whereof the plaintiff was damaged, survived, if the

cause of action for penalties did not, so that the order reviving the action was proper in either event. (3 R. S. [7th ed.] 2394, §§ 1 and 2; *Zabriskie* v. *Smith*, 3 Kern. 332, 333, 334; *Bond* v. *Smith*, 4 Hun, 48; *Haight* v. *Hoyt*, 19 N. Y. 464; *Graves* v. *Spier*, 58 Barb. 349, 384, 386.)

*Richard L. Hand* and *A. Pond* for respondent. Defendant was liable for a failure to file and publish the annual report for 1870 as required by the statute. (Laws of 1848, chap. 40, § 12; *Queen* v. *Aspinwall*, 19 Eng. Rep. [Moak] 207; *People* v. *Becker*, 20 N. Y. 354, 355; *Arthur* v. *Brooks*, 14 Barb. 533, 535; *Wells* v. *Sisson*, 14 Hun, 267.) Defendant is also liable for a false report made by the company, and signed by him, knowing it to be false. (Laws of 1848, chap. 40, § 15; *Bonnell* v. *Griswold*, 89 N. Y. 122, 125; *Pier* v. *Hanmore*, 86 id. 95, 101, 102; 89 id. 122, 126.)

FINCH, J. This appeal is taken from an order of revivor. The plaintiff's intestate was a creditor of a mining corporation whose officers in making their annual report were alleged to have stated falsely the amount of capital paid in. For this cause of action, conjoined with one for conspiracy, a suit was brought, pending which, and before verdict or judgment, the plaintiff died. The question presented is whether his cause of action for the penalty of a false report died with him, or survived to his administrator. We have many times held that the provisions under which the asserted right of action accrued are highly penal in their nature, and have recently said, more specifically, that they are to be classed with actions *ex delicto*, and do not affect or concern any property right or interest as the subject of injury. (*Stokes* v. *Stickney*, 96 N. Y. 323.) At common law the action abated upon the death of either party; the one by whom or to whom the wrong was done; and that rule must apply unless it is made inapplicable by the provisions of the Revised Statutes. (2 R. S., § 1, p. 448.) But we have decided that those provisions affect only injuries to property-rights, and, where such are not invaded, the common-law rule —

still prevails. (*Hegerich* v. *Keddie,* 99 N. Y. 258.) In that case, while concurring in the result, I thought the statute should receive a broader interpretation, and contemplated survivability as the rule, and abatement as the exception, and the construction finally reached was adopted after full deliberation and argument. It must now be deemed settled, and requires us to hold that the cause of action for the penalty died with the intestate. We have not been unmindful that in our discussion of this question we have assumed the assignability of a cause of action as a test, treating that and survivability as convertible terms, nor that we have also said that a cause of action for the penalty so far follows the creditor's debt, and belongs to it as an incident, that an assignment of the debt carries with it a right to the protection of the statute. (*Stokes* v. *Stickney, supra; Bolen* v. *Crosby,* 49 N. Y. 183.) But it was neither said nor meant that such right was itself assignable. Relatively to the debt it is rather a remedy than a right, and while it becomes, in connection with the debt, a cause of action, it belongs to the assignee of such debt by force of the statute, which gives it to him by virtue of his having become a creditor, and not because of any derivative right resting upon and born of the assignor's ended and extinguished right. In other words, the new holder has his own right of action, or none. Having become a creditor, he thereby obtains the right which the statute gives him, and must depend upon that for his relief, and not upon an impossible transfer by the assignor of the debt. The questions which may spring out of this ruling may best be reserved till they arise.

So far as the cause of action was for a conspiracy to cheat or defraud the intestate it was for an injury to a property right, and did not die with its owner. The order of revivor was to that extent proper, but should have been limited to the cause of action which survived. That has been tried, and judgment upon it given for the defendant. The plaintiff has recovered upon a cause of action which did not survive, and that recovery cannot be sustained.

The judgment should be reversed, and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.