AMELIA F. BOYLE, ADMINISTRATRIX, ETC., OF JAMES J. BOYLE, DECEASED, RESPONDENT, *v.* JEANNETTE M. THURBER, APPELLANT.

*Laws 1875, chap. 611 — liability under, for a false report, does not survive to the legal representatives of the original creditor.*

The liability created by chapter 611 of the Laws of 1875, against the directors of a corporation created under that act, by reason of their making a false report, abates on the death of the original creditor of the corporation and cannot be revived in favor of or prosecuted by his personal representatives.

*Brackett* v. *Griswold* (103 N. Y., 425) followed.

Appeal from an order of the New York Special Term, of June 28, 1888, reviving and continuing the action in the name of the personal representative of the deceased plaintiff, James J. Boyle.

*L. C. Waehner*, for the appellant.

*William W. Badger*, for the respondent.

Daniels, J. :

The action was commenced against the defendant as a director of the corporation known as the American Opera Company (Limited.) This company was organized and incorporated under the authority of chapter 611 of the Laws of 1875, and it became indebted to the intestate for damages for the breach of a contract made with him for services to be rendered to the corporation as a singer. To maintain the action against the defendant it was alleged in the complaint that she signed the annual report of the corporation required to be made and filed by the statute, and that this report was false in its material statements. And if these facts were truly stated in the complaint, then a liability did exist against the defendant for the payment of this indebtedness, for by section 21 of the act it has been declared, that if any certificate or report, made by the officers of the corporation shall be false in any material representation, " all the officers who shall have signed the same shall be jointly and severally liable for all the debts of the corporation contracted while they are officers thereof."

The application to revive the action in favor of the personal representative of the deceased creditor was, however, resisted on the ground that the action had abated by his decease, and could not be revived in favor of or prosecuted by his personal representative. It is true that neither this act, nor the act providing for the incorporation of manufacturing companies, declared the liability for the payment of the debts of the company to be subject to any such event; but the act for the incorporation of manufacturing companies has been construed as entitled to that effect by the courts. That act is more restricted as to the liability of the officers for making a false report or certificate than the act of 1875 ; for the officers signing it have been declared to be liable for all the debts of the corporation contracted while they where stockholders or officers thereof only

when the report, or certificate shall be false in any material representation to the knowledge of the person subscribing it; but the language declaring the extent of the liability when it shall arise for making and filing the report containing materially false representations, is expressly the same in each of the acts. By section 15 of chapter 40 of the Laws of 1848, the officers signing such a report, knowing it to be false, are declared to be " jointly and severally liable for all the debts of the company contracted while they were stockholders, or officers, thereof; " and by section 21 of the act of 1875, it has in like manner been declared that the officers who have signed the false report, " shall be jointly and severally liable for all the debts of the corporation contracted while they are officers thereof." This identity of language in framing these parts of these sections of the different acts indicates the existence of an identity in the intention, so far as the extent of liability was described and declared; and that is, in each class of cases, that for violating either one of these sections the officers signing the false report shall be liable for all the debts of the company contracted while they were officers thereof; and the decisions declaratory of the effect of this language employed in the earlier act, therefore, require the same construction to be placed upon so much of the other act as contains the same language, and is drawn in controversy in this action.

In the case of *Brackett* v. *Griswold* (103 N. Y., 425) the precise question arising out of this language, and upon which this appeal depends, was presented and decided by the Court of Appeals. The action there was brought to charge the defendants, as trustees of the Iron Mountain Company of Lake Champlain, with liability for the indebtedness of the company, upon the ground that they had signed the annual report for the year 1879, knowing the statements contained in it as to the assets of the company to be false, and that the company was organized in pursuance of a fraudulent conspiracy to deceive the plaintiff. The appeal was decided upon the first of these grounds, and the court held the liability created by the statute to be of such a description as to abate with the death of the creditor, and that the action could not be revived in favor of the personal representative, and successfully prosecuted by him to enforce the liability. This was, in some degree, afterwards reconsidered in *Blake* v, *Griswold* (104 N. Y., 613); but no different

construction was permitted by the decision then made, than that which was approved and sanctioned in the preceding authority.

These decisions are controlling over the present action; for if the trustees are exonerated from liability under the act of 1848, by the decease of the creditor, it follows that the same result must attend the decease of the creditor when the claim or indebtedness arises under the act of 1875. The language of both acts in this respect is the same. By that language the trustees are made liable for all the debts of the corporation contracted while they are officers thereof, and as the trustees of a corporation formed under the manufacturing act are discharged from liability by the the decease of the creditor, it necessarily follows that the same discharge will arise out of that fact, where the corporation has been formed, as this was under the act of 1875. The action, consequently, could not be revived as it was directed to be by the order of the court from which the appeal has been brought, and the order should be reversed and the motion denied, but without costs.

Van Brunt, P. J., and Bartlett, J. concurred.

Order reversed and motion denied without costs.