### CARR v. RISHER.

(*Supreme Court, Special Term, New York County.* January 21, 1889.)

ABATEMENT AND REVIVAL—DEATH OF PARTY—CORPORATIONS—FAILURE TO FILE REPORT.
　　Plaintiff in an action against a trustee of a manufacturing corporation for failure to file the annual report required by Laws N. Y. 1848, c. 40, § 12, died after the reversal by the general term of a judgment in his favor, and new trial ordered. *Held*, that the action did not abate, but might be revived for the purpose of an appeal to

the court of appeals. Though the action is *ex delicto*, and abates upon death before judgment, the cause of action becomes merged in the judgment, and notwithstanding the reversal, there is sufficient property in the judgment to allow the prosecution of the appeal to reinstate it, to do which a qualified plaintiff must be substituted.

At chambers.   On motion to revive action.

Action by John F. Carr against John C. Risher, to recover $25,000 due plaintiff from the Pittsburgh & Martinez Silver Mining Company, a corporation organized under the manufacturing act of 1848, on the ground that defendant failed to file the annual report required by statute, (Laws 1848, c. 40, § 12,) in January, 1867.   Judgment for plaintiff was reversed by the general term.   2 N. Y. Supp. 792.   Soon after the decision of the general term, plaintiff died, and a motion was made in the name of Annie Carr, executrix of John F. Carr, deceased.   The motion was opposed on the ground that the action, being to recover a penalty, did not survive to the personal representative of a deceased plaintiff.

*Gilbert D. Lamb*, and *John H. V. Arnold*, for plaintiff.   *Shearman & Sterling*, for defendant.

PATTERSON, J.   It cannot be doubted that an action by a creditor of a manufacturing corporation against a trustee for failure to file an annual report is one *ex delicto*, and abates upon the death of either party before judgment. *Stokes* v. *Stickney*, 96 N. Y. 326; *Brackett* v. *Griswold*, 103 N. Y. 425, 9 N. E. Rep. 438.   But where a plaintiff has recovered judgment the cause of action is merged in that judgment, which passes to the personal representatives of the deceased plaintiff as assets.   *Blake* v. *Griswold*, 104 N. Y. 613, 11 N. E. Rep. 137.   The question on this motion is, when a plaintiff dies after reversal at general term of a judgment in his favor in such an action, and a new trial is ordered, can his personal representatives revive the action to prosecute an appeal to the court of appeals?   There is no direct authority on the question that I have been able to discover under the present Code of Practice, and since the amendment of section 764 it would seem that the legislature intended to change the rule as it stood under that section prior to 1881. That would leave the subject as it was before the enactment of the Code of Procedure, for section 121 of that Code was superseded by the provisions of the Code of Civil Procedure on the same topic.   What was the rule, then, irrespective of the Code of Procedure?   The general effect of the reversal of a judgment and the ordering of a new trial is to remit the parties to the position they occupied before the trial, and to set the whole case at large.   But there is an authority in the court of appeals which seems to indicate a contrary view.   The question arose in *Wood* v. *Phillips*, 11 Abb. Pr. (N. S.) 1. There Judge RAPALLO strongly intimates that the right existed independently of the provisions of section 121; his reasoning being that as long as a right of appeal remained it cannot be said that the (in that case) verdict was absolutely annihilated by being set aside, and that it was capable of being restored to life.   There the party died after the order for a new trial was granted.   The decision was not based on section 121 of the Code.   It is fairly to be inferred that this case holds that, notwithstanding the ordering of a new trial, there is property in a verdict or in a judgment sufficient to allow the prosecution of an appeal to reinstate the judgment or verdict, and, in order that this may be done, a qualified plaintiff must be substituted or permitted to revive the action.   The subject is not free from doubt, but I have concluded to allow the order, as that will be the most direct way of bringing up the question for review, and at the same time preventing delay in the prosecution of the action, if the order is sustained.