## DALTON v. GODWIN.

*(City Court of New York, General Term.   May 31, 1889.)*

ABATEMENT AND REVIVAL—DEATH OF PARTY—PENAL ACTION.

Laws N. Y. 1875, c. 611, § 21, providing that any director of a corporation created under that act shall be liable for all debts incurred while he was a director, if he shall sign any report, etc., which is false in any material particular, is penal in its nature, and the right of action dies with the creditor.

Appeal from special term.

Action by Edward N. Dalton against Parke Godwin.   Plaintiff sues as assignee of Amelia F. Boyle, administratrix of James J. Boyle, deceased, who was, at the time of his death, a judgment creditor of the American Opera Company, Limited.   Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and from an order sustaining such demurrer plaintiff appeals.

Argued before McADAM, C. J., and HOLME, J.

*W. W. Badger,* for appellant.   *Nelson Smith,* for respondent.

PER CURIAM.   The action is against the defendant, as a director of the American Opera Company, for signing a false report as to the company's condition.   It is founded on section 21 of the act of 1875, (chapter 611,) which provides that any director of a corporation created under said act shall be liable for all debts and liabilities incurred while he was a director thereof, if he shall sign any certificate or report, or public notice made by its officers, which is false in any material particular.   The obligation sought to be enforced is not for an unpaid subscription, is not founded on any contract unperformed by the defendant, but upon the statute which has been held to be penal in its nature, (*Stokes* v. *Stickney,* 96 N. Y. 323; *Bruce* v. *Platt,* 80 N. Y. 379,) and the right of action therefore dies with the creditor, (*Brackett* v. *Griswold,* 103 N. Y. 425, 9 N. E. Rep. 438; *Boyle* v. *Thurber,* 50 Hun, 259, 2 N. Y. Supp. 789.)   As the cause of action died with the creditor, nothing passed to his administratrix, and nothing passed to her assignee (the plaintiff) except the judgments against the corporation.   In *Blake* v. *Griswold,* 104 N. Y. 613, 11 N. E. Rep. 137, the creditor had recovered a judgment against the director for false report, and pending appeal therefrom he died.   The judgment passed as an asset to his administrator, who was properly permitted to be substituted as plaintiff.   If Boyle, the creditor in this instance, had recovered a judgment against the defendant for false report, and died owning it, the case just cited would have been authority for holding that the judgment passed to his administratrix, and, by her assignment, became vested in the plaintiff, who might lawfully have continued the action.   But that is not this case.   Boyle had commenced no action against the defendant, and had recovered no judgment against him.   He died possessed of a cause of action *ex delicto* against the defendant, and the right of action died with him.   The judgments recovered by Boyle against the American Opera Company belong to the plaintiff under the assignment.   They represent debts against that corporation which he may enforce against it in any legal manner, but his rights do not extend to bringing actions *ex delicto,* against directors and others, for wrongs committed by them, which were subjects of action by Boyle in his life-time, when these rights by operation of law died with Boyle.

If the liability sought to be enforced had been contractual, for non-payment of subscription, or for permitting the corporate indebtedness to exceed the capital, a different question would have been presented.   But the present action is essentially penal in its nature, is not contractual, but purely *ex delicto,* and is governed by the rule laid down in the cases cited.   The presence of the words "knowing it to be false" in the act of 1848 in reference to manufacturing corporations, and their absence in the act of 1875, in regard to busi-

v.5N.Y.s.no.3—17

ness corporations, merely changes the nature of the proofs required. In one case *scienter* must be proved, and in the other it need not be shown. In other respects the acts are the same, so far as pertinent to the question presented. The actions under either act remain penal, and neither is transformed into one on contract. For these reasons the judgment appealed from must be affirmed, with costs.