P. C. Monday Tea Company, Plaintiff: Monday, Appellant, v. Milwaukee County Expressway Commission, Defendant and Respondent: Peter P. Woboril, Jr., and others, Impleaded Defendants and Respondents: United States of America, Intervenor.

*April 27—June 2, 1964.*

For the appellant there were briefs by *Martin J. Torphy* and *E. Campion Kersten,* both of Milwaukee, and oral argument by *Mr. Kersten.*

For the respondent there was a brief by *Robert P. Russell,* corporation counsel, and *George E. Rice,* first assistant corporation counsel, and oral argument by *Mr. Rice.*

BEILFUSS, J.

### Issues.

1. Is an appeal from a condemnation award an assignable cause of action?

2. Assuming that Robert W. Monday is not the real party in interest, was it prejudicial error for the trial court to reduce the caption of the case so that only his name appeared thereon and to deny defendant the opportunity to identify the other interested parties?

3. Was the closing argument of counsel for the plaintiff improper and prejudicial?

*Assignability of Cause of Action.*

If a cause of action survives it is assignable. *Lehmann v. Farwell* (1897), 95 Wis. 185, 70 N. W. 170. Sec. 331.01, Stats., provides that in addition to actions surviving at common law, actions for damage done to the property rights or interests of another, and for damages done to real or personal property, as well as other actions, also survive.

It is often said that at common law contract actions survive while tort actions die with the person. *Wogahn v. Stevens* (1940), 236 Wis. 122, 294 N. W. 503. However, the basic principle of survivability at common law was that wrongs which diminished property formed the basis of survivable actions while personal injuries did not. 1 Am. Jur. (2d), Abatement, Survival, and Revival, p. 86, sec. 51. Of course, if the principal wrong was a personal injury, the action would not survive even though property rights were incidentally affected. *Howard v. Lunaburg.* (1927), 192 Wis. 507, 213 N. W. 301.

In *Frey v. Duluth, S. S. & A. R. Co.* (1895), 91 Wis. 309, 64 N. W. 1038, it was held that a right of action for compensation for partial taking of lands was assignable. In *Kuhl v. Chicago & N. W. R. Co.* (1898), 101 Wis. 42, 77 N. W. 155, the *Frey Case* was explained as holding that the obligation when a statutory remedy for just compensation is pursued is one in implied contract.

Defendant misses the mark when it argues that the appeal of the basic condemnation award is not assignable. The cause of action is assignable; the appeal is merely a procedure by which it is enforced.

*Plaintiff as the Real Party in Interest.*

Defendant argues that the assignments in plaintiff's chain of title to the cause of action are conditional and not absolute.

On this ground he asks for judgment notwithstanding the verdict because the action was not prosecuted in the name of the real party in interest as required by sec. 260.13, Stats.

It is unnecessary to decide whether Mr. Monday has an interest sufficient to satisfy the demand of the statute because all the other parties were and still are in the case. The case was prosecuted in Robert W. Monday's name alone only as far as the jury was concerned because of the reduction of the caption. Error, if any, in this regard was nonprejudicial because the sole question for determination on this trial was fair market value.

Defendant also argues that the appeal from the basic award was not perfected by the proper party because at the time the last notices of appeal to circuit court were served a receiver had been appointed for the P. C. Monday Tea Company.

This argument was made for the first time on appeal. Defendant interpleaded numerous parties to this action. It went to trial on the merits. It is foreclosed now from complaining about procedural irregularities.

### The Right to Identify the Interests of Other Parties in the Condemned Property.

The trial judge was of the opinion that counsel for the condemnor was entitled to point out to the jury the interest in the condemned property of the other parties to the action. He concluded that the denial of this right was prejudicial error and granted a new trial in the interests of justice. We do not agree. Identifying the interests of the other parties where the sole question for determination was fair market value would have served no purpose other than to alert the jury to the financial difficulties of the P. C. Monday Tea Company. Fair market value is defined as that amount which can be realized on sale by an owner willing, but not compelled, to sell to a purchaser willing and able, but not

obliged, to buy. Wis J I—Civil, Part II, 8100; *Allen v. Chicago & N. W. R. Co.* (1911), 145 Wis. 263, 129 N. W. 1094. Whether to allow this type of backdoor comment on the financial condition of the record owner of the property at date of taking would be prejudicial error, we do not decide. The question is not before us.

Counsel for the condemnor concedes that he was not foreclosed from questioning the jurors regarding their connection with any party on *voir dire* examination. He did not take advantage of this opportunity. The interests of justice do not require that he be given another chance.

### The Alleged Improper Argument.

Defendant complains because counsel for plaintiff in his closing argument characterizes one of defendant's witnesses as "Mr. Condemnor" and "Mr. Take." This witness was the defendant's right-of-way engineer. He testified that he was in charge of all land acquisitions for the defendant. He testified on cross-examination that it was his duty to conduct a complete review of all appraisals; that he made an appraisal in the case; that he reviewed his own appraisal; and that he "came out 100 per cent."

Under the circumstances, we consider the characterization of the witness to be fair comment. In weighing the witness' testimony the jury was entitled to take into consideration any interest he might have in the case, professional or pecuniary. Counsel did not transgress the bounds of propriety in informing them of their right.

*By the Court.*—Order reversed, and cause remanded with directions to reinstate the jury verdict and for further proceedings according to law.