CHIMEKAS and others, Appellants, v. MARVIN and wife,
Respondents.

*October 29—November 24, 1964.*

For the appellants there was a brief by *Hersh & Magidson*, attorneys, and *Harry Lensky* and *Robert L. Hersh* of counsel, all of Milwaukee, and oral argument by *Arthur B. Magidson*.

For the respondents there was oral argument by *Joseph W. Weigel* of Milwaukee.

CURRIE, C. J.   The trial court correctly held that the cause of action attempted to be pleaded in the complaint was one at law for fraud.   While the word "warranted" is used in one place and "breach of warranty" in another, the other allegations clearly establish the nature of the action as one in tort for fraud and not in contract for breach of warranty.

While the complaint alleges that plaintiffs Chimekas assigned all their rights under the contract to plaintiffs Chaloupkas, this is not an allegation that the former assigned their tort cause of action for fraud to the latter.   Thus we reach the same conclusion as did the trial court with respect to the Chaloupkas not becoming assignees of the cause of action for fraud.   The trial court, however, based its result upon the untenable reason that this type of tort action is not assignable.   The accepted test of assignability of a cause of action is whether it survives the death of a party.   *P. C. Monday Tea Co. v. Milwaukee County Expressway Comm.*

(1964), 24 Wis. (2d) 107, 111, 128 N. W. (2d) 631; *John v. Farwell Co. v. Wolf* (1897), 96 Wis. 10, 17, 70 N. W. 289, 71 N. W. 109; 6 Am. Jur. (2d), Assignments, p. 214, sec. 30. *Zartner v. Holzhauer* (1931), 204 Wis. 18, 26, 27, 234 N. W. 508, 76 A. L. R. 396, holds that as the result of the 1907 amendment (ch. 353, Laws of 1907) to sec. 331.01, Stats., a cause of action for deceit in inducing a conveyance of real estate survives the defrauded party's death. Such a cause of action, therefore, is assignable.

The fact that plaintiffs Chimekas made a gift of their rights under the contract does not affect the issue of whether they sustained any damages because of defendants' alleged false representations. A defrauded vendee's measure of damages is the difference between the value of the property as represented and its actual value as purchased. *Anderson v. Tri-State Home Improvement Co.* (1955), 268 Wis. 455, 464, 67 N. W. (2d) 853, 68 N. W. (2d) 705; *Kimball v. Antigo Bldg. Supply Co.* (1952), 261 Wis. 619, 621, 53 N. W. (2d) 701. Thus the complaint states facts sufficient to constitute a cause of action in favor of plaintiffs Chimekas.

Defendants cannot raise by demurrer the issue whether plaintiffs Chaloupkas are real parties in interest of the cause of action alleged in the complaint. When there is an excess of parties plaintiff, a motion to strike, and not a demurrer, is the proper procedure with which to challenge the complaint of a party plaintiff who has no interest in the subject matter alleged therein. *Marshfield Clinic v. Doege* (1955), 269 Wis. 519, 522, 69 N. W. (2d) 558; *State ex rel. Kratche v. Civil Court* (1923), 179 Wis. 270, 272, 191 N. W. 507. See also 2 Callaghan's Wisconsin Pleading and Practice (3d ed.), p. 132, sec. 13.43, and *Angers v. Sabatinelli* (1940), 235 Wis. 422, 431, 432, 293 N. W. 173.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer.