NICHOLS, Appellant, v. UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent.*

*November 27—December 22, 1967.*

* Motion for rehearing denied, with costs, on February 27, 1968.

240

For the appellant there was a brief and oral argument by *Charles Saggio* of Milwaukee.

For the respondent there was a brief by *Kluwin, Dunphy, Hankin & Hayes,* attorneys, and *Robert C. Rutgers* of counsel, all of Milwaukee, and oral argument by *John A. Kluwin.*

CURRIE, C. J.   The sole issue on this appeal is whether an insured's cause of action against an automobile liability insurer for bad faith in failing to settle an accident claim within policy limits and in regard to the handling of the subsequent action brought upon such claim, which resulted in a judgment against the insurer in excess of policy limits, vests in the insured's trustee in bankruptcy pursuant to sec. 70 (a) (5) of the Bankruptcy Act.[2]

Plaintiff alleged that defendant's policy had the standard provision [3] giving the insurer absolute control over

[2] 11 USC, sec. 110, sub. a (5). This provides in part as follows: "The trustee of the estate of a bankrupt . . . shall . . . be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title . . . to all of the following kinds of property . . . (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: *Provided,* That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process . . . ."

[3] See Keeton, *Liability Insurance and Responsibility for Settlement,* 67 Harv. L. Rev. (1954), 1136, 1137.

the investigation and settlement of any claim or action brought against the insured. In Wisconsin such a provision gives rise to a duty on the part of the insurer to exercise good faith toward the insured in determining whether or not to settle.[4] A breach of this duty is a species of fraud,[5] and a cause of action arises at the moment the insured is subjected to a judgment by reason of such fraud.[6] Neither the right of action nor the measure of damages depends upon the fact of payment.[7]

For the purposes of demurrer, the defendant has admitted that it breached its duty of good faith to the insured.

The trial court correctly determined that under the provisions of sec. 70 (a) (5) of the Bankruptcy Act the nature and incidents of a right of action, including its transferability, are to be determined by state law.[8] Since the accepted test of assignability of a cause of action in Wisconsin is whether it would survive the death of a party,[9] it is necessary to look to our survival statute,

---

[4] *Baker v. Northwestern National Casualty Co.* (1965), 26 Wis. 2d 306, 314, 315, 132 N. W. 2d 493; *Baker v. Northwestern National Casualty Co.* (1963), 22 Wis. 2d 77, 81–83, 125 N. W. 2d 370; *Maroney v. Allstate Ins. Co.* (1961), 12 Wis. 2d 197, 201, 107 N. W. 2d 261; *Berk v. Milwaukee Automobile Ins. Co.* (1944), 245 Wis. 597, 601, 15 N. W. 2d 834; *Hilker v. Western Automobile Ins. Co.* (1931), 204 Wis. 1, 12–16, 231 N. W. 257, 235 N. W. 413.

[5] *Berk v. Milwaukee Automobile Ins. Co.*, *supra*, footnote 4.

[6] *Schwartz v. Norwich Union Indemnity Co.* (1933), 212 Wis. 593, 250 N. W. 446.

[7] *Id.*

[8] *Segal v. Rochelle* (1966), 382 U. S. 375, 381, fn. 6, 86 Sup. Ct. 511, 15 L. Ed. 2d 428; *Charness v. Katz* (D. C. Wis. 1943), 48 Fed. Supp. 374, 375; 4A Collier (14th ed.), *Bankruptcy*, p. 379, sec. 70.28.

[9] *Chimekas v. Marvin* (1964), 25 Wis. 2d 630, 632, 131 N. W. 2d 297; *P. C. Monday Tea Co. v. Milwaukee County Expressway Comm.* (1964), 24 Wis. 2d 107, 111, 128 N. W. 2d 631.

sec. 895.01. If a cause of action for fraud survives thereunder, it would be assignable in Wisconsin and hence transferable under sec. 70 (a) (5) of the Bankruptcy Act.

Sec. 895.01, Stats., provides:

"In addition to the actions which survive at common law the following shall also survive: Actions . . . for assault and battery, false imprisonment or other damage to the person, for all damage done to the property rights or interests of another . . . ."

The crucial question is whether a cause of action to recover damages for fraud is one for "damage done to the property rights or interest of another."

Prior to 1907 only causes of action for damage to specific property in a physical sense survived,[10] pursuant to that portion of sec. 4253 (a predecessor of sec. 895.01)[11] which provided for the survival of actions ". . . for damages done to real or personal estate. . . ." However, the words "for all damage done to the property rights or interests of another" were added to the survival statute by Laws of 1907, ch. 353. In *Howard v. Lunaburg*[12] this court noted that the provision was taken from a New York statute, and stated:

"By property rights or interests was undoubtedly meant a right or interest of value that could be parted with for some pecuniary consideration, or if lost or impaired would pecuniarily diminish the estate of plaintiff."[13]

---

[10] *Killen v. Barnes* (1900), 106 Wis. 546, 560, 82 N. W. 536; *John V. Farwell Co. v. Wolf* (1897), 96 Wis. 10, 18, 19, 70 N. W. 289, 71 N. W. 109.

[11] Sec. 4253 was renumbered sec. 331.01 by Laws of 1925, ch. 4, and sec. 331.01 was renumbered sec. 895.01 by Laws of 1965, ch. 66, sec. 2.

[12] (1927), 192 Wis. 507, 213 N. W. 301.

[13] *Id.* at page 511.

In New York, since an early date, causes of action for fraud have been held to damage a person's property interests and, thus, to survive.[14]

*Howard* involved an action for alienation of affections in which the deceased plaintiff had alleged injury only to her feelings. The court held that this did not show that she had been damaged financially in property rights. The court thus distinguished her situation from a New York case,[15] in which a husband's actions for loss of services and expenses incurred by reason of his wife's injuries was held to survive. This court stated in regard to that case, ". . . loss of service of the wife and medical and other expenses incurred by the husband diminish his estate *pro tanto* and hence it is an injury to property rights."[16]

In *Schwartz v. Norwich Union Indemnity Co.*[17] this court held that one who has been subjected to a judgment by reason of fraud practiced upon him by his insurer is entitled to recover damages, even though he has not paid the judgment, the same as one who has incurred expenses by reason of a tortious injury which he has not yet paid. It would be impossible on principle to distinguish the expenses incurred by the insured in *Schwartz* and in this action from the "medical and other expenses" appearing in the above quoted language from *Howard*.[18] It necessarily follows that the enforcement of a judgment against an insured which resulted from bad faith conduct of his insurer would "pecuniarily diminish the estate" of the insured, to again borrow language from *Howard*.

[14] *Haight v. Hayt* (1859), 19 N. Y. 464; *Brackett v. Griswold* (1886), 103 N. Y. 425, 9 N. E. 438. See *John V. Farwell Co. v. Wolf, supra*, footnote 10, at page 18.

[15] *Cregin v. Brooklyn C. R. R.* (1878), 75 N. Y. 192.

[16] *Howard v. Lunaburg, supra*, footnote 12, at page 510.

[17] *Supra*, footnote 6.

[18] *Supra*, footnote 16.

Defendant cites language in *Noonan v. Orton* [19] that even though the effect of a wrong may diminish the estate of the party wronged it was not an injury to property. The court there held that an action for malicious prosecution, or a malicious abuse of legal process, did not pass to the injured party's general assignee in bankruptcy. We do not deem *Noonan* to be controlling of the issue now before us. Its reasoning, if applicable to our survival statute after enactment of the 1907 amendment copied from a New York statute, is contrary to the New York court's interpretation of the statutory words "property rights or interests." [20] Such New York decisions antedating Wisconsin's adoption of the New York statutory language are not only persuasive authority,[21] but are in accord with the aforequoted language from *Howard.*

Further, defendant cites three cases [22] as authority for the proposition that only causes of action for fraud or deceit in inducing conveyances of real estate survive. These cases did involve causes of action in regard to real estate, but the court therein made no statements that only such causes of action for fraud were to survive. To the contrary *Zartner v. Holzhauer,*[23] relied on in the other two cases, relies on *Howard* as its authority that causes of action for fraud do survive.

In *Brown v. Guarantee Ins. Co.*[24] one of the California district courts of appeal was faced with the precise issue

---

[19] (1874), 34 Wis. 259, 263, 17 Am. Rep. 441.

[20] See *supra,* footnote 14.

[21] *Will of Wehr* (1967), 36 Wis. 2d 154, 172, 152 N. W. 2d 868; *Jamura v. Fencl* (1952), 261 Wis. 179, 185, 186, 52 N. W. 2d 144.

[22] *Chimelkas v. Marvin, supra,* footnote 9; *Riedi v. Heinzl* (1942), 240 Wis. 297, 3 N. W. 2d 366; *Zartner v. Holzhauer* (1931), 204 Wis. 18, 234 N. W. 508, 76 A. L. R. 396.

[23] *Supra,* footnote 22, at page 26.

[24] (1957), 155 Cal. App. 2d 679, 319 Pac. 2d 69, 66 A. L. R. 2d 1202.

which now faces this court. In regard to the nature of the damage caused by the insurer's fraud, the court held:

". . . the insurer's bad faith causes the insured to suffer a judgment, indirectly depriving him of money or property. . . . the very basis of the insured's cause of action is the damage that he is forced to suffer because of the insurer's wrongful act. The act strikes the insured in his pocketbook and diminishes his estate (*cf. Jackson v. Deauville Holding Co.*, 219 Cal. 498, 500, 501 [27 Pac. 2d 643]); it does not harm his person or his personality. If the act is a tort, it is a tort affecting the insured's property and is not personal to him." [25]

We conclude that Paul Nichol's cause of action against defendant, which was assigned by his trustee in bankruptcy to plaintiff, survived under sec. 895.01, Stats., and was assignable under Wisconsin law, and hence transferable under sec. 70 (a) (5) of the Bankruptcy Act. Since it is not an injury to the person of the bankrupt, the cause of action need not be subject to judicial process (the second test which causes of action specified in the proviso to sec. 70 (a) (5) must meet) to vest in the trustee. The result of vesting is in keeping with one of the policies behind sec. 70 (a) (5) of the Act, which seeks to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition,[26] but avoids "to coin into money for the profit of his creditors the bodily pain, mental anguish or outraged feelings of a bankrupt." [27]

Once a cause of action is determined to damage property, it will not only pass to the trustee under sec. 70 (a) (5) as being transferable pursuant to state law, but also under sec. 70 (a) (6) which vests in the trustee ". . . rights of action arising upon . . . injury to his prop-

[25] *Id.* at page 695.

[26] *Segal v. Rochelle, supra,* footnote 8, at page 379.

[27] *Sibley v. Nason* (1907), 196 Mass. 125, 130, 81 N. E. 887. *See also In re Buda* (7th Cir. 1963), 323 Fed. 2d 748, 750.

erty. . . ." [28] The majority of courts, which have considered the issue of whether an insured's cause of action against an insurer for a wrongful refusal to settle passes to the trustee in bankruptcy, have held that such a cause of action does pass pursuant to either or both secs. 70 (a) (5) and (6) of the Bankruptcy Act.[29]

While we are satisfied that we have correctly decided the legal issues presented, we are a little disturbed with the result from a practical standpoint. A plaintiff, who has recovered a judgment against an insured and the latter's insurer in excess of policy limits, has no right to enforce the excess against the insurer even though the insured may have a cause of action against the insurer for bad faith in failing to properly protect his interests. Furthermore, it normally would be unnatural for a mother to pressure a son indebted to her to the extent

[28] 11 USC, sec. 110, sub. a (6). "Injury to his property" has been broadly construed by the courts. *Tamm v. Ford Motor Co.* (8th Cir. 1935), 80 Fed. 2d 723; *In re Gay* (D. C. Mass. 1910), 182 Fed. 260; *In re Harper* (D. C. N. Y. 1910), 175 Fed. 412.

[29] *Anderson v. St. Paul Mercury Indemnity Co.* (7th Cir. 1965), 340 Fed. 2d 406; *Hermsmeyer v. A. L. D., Inc.* (D. C. Colo. 1964), 239 Fed. Supp. 740; *In re Layton* (D. C. Ariz. 1963), 221 Fed. Supp. 667; *Brown v. Guarantee Ins. Co., supra,* footnote 24; *Reichert v. General Ins. Co. of America* (1967), 59 Cal. Rptr. 724, 428 Pac. 2d 860; *Wooten v. Central Mut. Ins. Co.* (La. App. 1966), 182 So. 2d 146.

In *Harris v. Standard Accident and Ins. Co.* (2d Cir. 1961), 297 Fed. 2d 627, certiorari denied, 369 U. S. 843, 82 Sup. Ct. 875, 7 L. Ed. 2d 847, the court held that the cause of action did not vest, because the insured was insolvent before rendition of the excess judgment, had paid no part of such judgment, and was discharged in bankruptcy from any future legal obligation to pay. The case has been strongly criticized in Note, 60 Mich. L. Rev. (1962), 517; and Note, 41 Tex. L. Rev. (1963), 595.

In *Jones v. Hicks* (1960), 358 Mich. 474, 493, 100 N. W. 2d 243, and *Schueler v. Phoenix Assurance Co. of New York* (D. C. Mich. 1963), 223 Fed. Supp. 643, 645, the cause of action was held not to vest in the trustee on the basis of ". . . the long recognized rule in this State that an action for damages for fraud may not be prosecuted by an assignee thereof."

he would find it necessary to file a petition in bankruptcy. Thus we have a situation like that presented in the instant action which lends itself to connivance between mother and son to involuntarily extending the insurer's liability beyond that of the policy limits. We do not know nor intimate that is the case here. We merely make the foregoing comment in order to point out that on the trial of this action on the merits the insurer should be entitled to wide latitude in exploring all facets of the events leading to the filing of the bankruptcy petition and all pertinent details of the proceedings in bankruptcy relating to the assignment to plaintiff.

The issue of what plaintiff's measure of damages is where the judgment recovered against the insured is wholly uncollectible due to his insolvency is not before us.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.