NORTHERN STATE BANK, Respondent, v. BIECHLER and wife, Appellants: FARMERS & MERCHANTS BANK and another, Defendants: LODWICK and others, d/b/a WALSCO OF APPLETON, Impleaded Defendants.*

*No. 226. Argued November 4, 1971.—Decided December 2, 1971.*
(Also reported in 191 N. W. 2d 921.)

* Motion for rehearing denied, without costs, on February 1, 1972.

244

For the appellants the cause was submitted on the brief of *John E. Esler* of Kaukauna.

For the respondent there was a brief by *Bollenbeck, Patterson, Froehlich, Jensen & Wylie,* attorneys, and *A. Gerard Patterson* of counsel, all of Appleton, and oral argument by *A. Gerard Patterson.*

HANLEY, J.   Two issues are presented on this appeal:

(1) Was the finding of the jury on the question of the actual value of the siding at the time it was installed supported by any credible evidence; and

(2) Did the trial court err in applying the answers of the special verdict?

*Evidence with respect to actual value of*
*siding at installation.*

The sales manager of Walsco testified that $1,950 was a fair price for what appellants received. In addition, the general manager of a competing siding firm stated that Walsco did a normal job of applying this siding. There was some evidence showing that some of the damage to the siding was caused by neglect and abuse or by settling of the house. The lifetime guarantee of work and materials included in the contract also supports the finding that the actual value of the job was $1,950.

We think the evidence in the record supports the jury's finding as to value. It is settled law that a trial court may not change the jury's answer to a question unless the answer is not supported by any credible evidence. *Jost v. Dairyland Power Cooperative* (1969), 45 Wis. 2d 164, 171, 172 N. W. 2d 647. The question of credibility of witnesses is for the jury. *Baker v. Northwestern National Casualty Co.* (1963), 22 Wis. 2d 77, 86, 125 N. W. 2d 370.

*Application of benefit-of-bargain rule.*

Wisconsin is committed to the benefit-of-bargain rule. *Harweger v. Wilcox* (1962), 16 Wis. 2d 526, 534, 114 N. W. 2d 818.

". . . A defrauded vendee's measure of damages is the difference between the value of the property as represented and its actual value as purchased. . . ." *Chimekas v. Marvin* (1964), 25 Wis. 2d 630, 633, 131 N. W. 2d 297.

In the instant case, the jury found that the value of the siding job as represented was $2,925 and that the actual value was $1,950. The court deducted the difference

between these two amounts, or $975, from the balance due on the contract, which was $1,867.51, and rendered judgment in favor of Northern State Bank for $892.51. This was a proper application of the benefit-of-bargain rule.

Appellants contend, however, that a different rule should be applied in cases involving foreclosure of liens than in actions on the contract itself. We fail to see any basis for a distinction. The benefit-of-bargain rule was applied in *Chapman v. Zakzaska* (1956), 273 Wis. 64, 76 N. W. 2d 537, which was an action to recover on a promissory note for the purchase price of a used automobile. The vendee defended by proving that the seller had fraudulently set back the mileage reading on the odometer. That case is similar to the instant action.

In the instant case, if the jury had found that the actual value of the siding was less than the contract price, the benefit-of-bargain rule would require an adjustment of the interest and carrying charges on the note to reflect the lower value. Such was not the case here, however.

We conclude that the evidence supports the jury's finding as to values and that the trial court properly applied the benefit-of-bargain rule.

*By the Court.*—Judgment affirmed.