Graeme D. McMeeken and Lucie M. McMeeken, Plaintiffs-Respondents,
v.
Lee M. Mishler and Jessica Mishler, Defendants-Appellants.
No. 2005AP1345.
Court of Appeals of Wisconsin, District III.
August 10, 2006.
Before Lundsten, P.J., Dykman and Higginbotham, JJ.
¶1 PER CURIAM.
Lee and Jessica Mishler appeal the circuit court's judgment in favor of Graeme and Lucie McMeeken. The Mishlers challenge the circuit court's award of damages to the McMeekens. They also challenge the circuit court's finding that they made a misrepresentation regarding insurance proceeds. We reverse and remand for further proceedings consistent with this opinion.
¶2 On August 10, 2003, the McMeekens offered to purchase the Mishlers' home and the Mishlers accepted. The offer provided that the Mishlers would replace the siding on their home prior to sale because the Mishlers anticipated that they would receive insurance proceeds to replace the siding due to hail damage. On September 5, 2003, the parties amended the offer to purchase after Jessica Mishler told the McMeekens' agent that they were not going to replace the siding because the insurance company had decided there wasn't damage to the siding within the meaning of the McMeekens' policy. The amended agreement provided that the Mishlers would not replace the siding on the home, but would pay all the title insurance costs. Thereafter, contrary to Jessica's representation, the insurance company issued two checks to replace the siding, $2,613.05 on August 25, 2003, and $8,494.31 on October 9, 2003.
¶3 The Mishlers first argue that the circuit court erred as a matter of law in awarding the McMeekens damages based on the benefit-of-the-bargain rule. That rule provides that the value of property that has been misrepresented should be compared with the value of the property as purchased, with the difference between the two values determining the damages that should be paid by the misrepresenting party. See Northern State Bank v. Biechler, 53 Wis. 2d 243, 246, 191 N.W.2d 921 (1971).
¶4 The benefit-of-the-bargain rule does not fit this situation because there is no evidence indicating a difference in the value of the property as represented and as purchased. The property was received at closing in exactly the same condition (without new siding) as it was represented to be when the parties amended the offer to purchase. We understand that the circuit court wanted to provide a remedy to the McMeekens for the Mishlers' false statement that they were not going to receive insurance proceeds to fix the siding. However, the benefit-of-the-bargain rule does not provide a legal basis justifying the way the circuit court calculated damages because the parties amended the offer to purchase to provide that the home would not have new siding, thereby matching it with what the Mishlers did deliver. Some other legal theory might justify the damages awarded, but no valid theory has been presented to us on review, nor is any readily apparent. Therefore, we reverse the circuit court's decision awarding damages to the McMeekens based on the benefit-of-the-bargain rule.
By the Court.  Judgment reversed and cause remanded.